Per Curiam.

The note was deposited as a pledge. This is the evident construction of the agreement. It was delivered to the party with a power of redemption, and as a security for a debt which, on the day of payment of the note, would amount to 200 dollars. The defendants below were, at all events, to be secured in the receipt of the 200 dollars on that day. Here was no sale of the note. The property in it was not intended to pass, until after the default. It was merely deposited with the party, and the legal property did not pass, as it does in the case of a mortgage. All that was said in Cortelyou v. Lansing, (2 Caines' Cases in Error, 200.) as to the distinction between a pledge or pawn, and a mortgage of goods, and as to the right of redemption attached to the former, is just and applicable to this case. There was no special and precise agreement, in this case, that the note should become the absolute property of M‘Lean and Perine, if not redeemed within six months before it fell due. A power of redemption was then allowed, and if not made, Walker was, at all events, to see that the note yielded 200 dollars. The sound construction of the agreement was the one adopted by the court below; and the tender of 200 dollars on or before the day that the note fell due, was sufficient and in time, and Walker was, consequently, entitled to his action.
The parol evidence was properly rejected, for there was no such ambiguity on the face of the instrument as to require or authorize it. The written agreement was not to be contradicted or explained away by parol proof, and it was the province of the court to interpret it. The only point more doubtful is, that the court rejected evidence of the acknowledgment of the party, after the time of redemption. But the acknowledgment that the note was then absolute, could not conclude or affect his rights under the agreement, as it was only his unadvised opinion, and one that he had a right to correct, with better advice, and which it appears that he afterwards did correct, by making the tender. His observation that he expected to make more money in another way, was' perfectly immaterial, and his confession that he had received his pay for the note, was either to be considered as contradicting the written agreement, and making the delivery ef the sale an absolute sale, or as *481 ~y that the amount for which it was deposIted had been received, and that amount was deducted from the verdict, as it was taken only for the excess in the rise of the wheat beyond the 200 dol1ar~.
Judgment affirmed.