PATCHIN vs. PIERCE.

Default in payment of the money secured by a *mortgage of personal property* renders the title of the mortgagee absolute, and authorizes him to reduce the property to actual possession.

The mortgagor may apply to a court of *equity* for leave to redeem the property ; but the right to redeem may be foreclosed by the mortgagee, without judicial proceedings by a sale of the property, upon reasonable notice to the mortgagor.

Tender of the money after forfeiture does not operate to re-invest the title in the mortgagor, but *tender* and *acceptance* has that effect.

Acceptance of *part* of the money is not a waiver of the forfeiture.

Parol evidence that the sum specified in the condition of the mortgage exceeds the amount of the debt justly due to the mortgagee is inadmissible ; if a larger sum than is really due has been inserted, the mistake can be corrected only in equity.

THIS was an action of *trespass*, tried at the Schoharie circuit in November, 1831, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The suit was brought for the taking, about the 22d June, 1831, of two mares, the alleged property of the plaintiff. The defendant took the mares by the direction of *Sally Hickok*, the administratrix of the estate of *Horace Hickok*, by virtue of a *mortgage* executed by the plaintiff to *Horace Hickok* and *Benjamin Hickok*, bearing date 15th April, 1830, whereby the plaintiff conveyed a span of bay mares and several head of cattle. The mortgage was conditioned for the payment of $50, with interest, on or before the *20th October*, 1830. In May, 1830, Benjamin Hickok assigned his interest in the mortgage to Horace Hickok, who died in January, 1831, and administration of his goods, &c. was granted to his wife, Sally Hickok. The plaintiff offered to prove the consideration of the mortgage, by showing that it was given to secure the mortgagees for having signed a note with him, as his sureties, to one *Clement Nichols*, for $25, and that it was given for no other purpose ; which evidence was objected to, but the objection was overruled. Proof was exhibited on both sides as to the consideration of the mortgage ; which was very contradictory. The plaintiff also proved that on the day pre-

NEW-YORK, ceding the taking of the horses, the defendant agreed to ex-
May, 1834. tend the time of payment, and wait three weeks before he

Patchin would take them. This evidence was also objected to, but
v. received by the judge. The defendant produced a note given
Pierce. by the plaintiff and H. & B. Hickok to Clement Nichols, bear-
ing date 15th April, 1830, for $25, with interest, on which
were endorsed sundry payments, amounting to $23,81, and
proved by Clement Nichols that the balance of this note, viz.
$2,$\frac{54}{100}$, was paid to him by *Sally Hickok*, who took it up.
The judge charged the jury that if the condition of a mort-
gage of personal property is not complied with, the property
becomes absolutely vested in the mortgagee ; but if they were
satisfied that in this case payments had been made with the
knowledge of Mrs. Hickok, on the note to Nichols after the
mortgage became due, such payments were a waiver of the
forfeiture ; and if they should find that the sole consideration
of the mortgage was the note given to Nichols, and that it
was paid, it would be their duty to find a verdict for the plain-
tiff. He also charged them that they should find for the
plaintiff, if satisfied that the defendant had promised to wait
three weeks, as in such case the defendant had no right to
take the property until the expiration of that time. The de-
fendant excepted to this charge. The jury found a verdict
for the plaintiff, with $120 damages, which the defendant
now moves to set aside.

*A. J. Parker*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, NELSON, J. The judge erred in the submis-
sion of this case to the jury, upon the grounds stated by him.
After the default in payment of the money secured by the
mortgage, the title to the property became absolute in the
mortgagees, and they or their representatives had a right to
reduce it to possession. 8 Johns. R. 96. 7 Cowen, 290. 9
Wendell, 80. Notwithstanding the forfeiture and perfection
of the title in the mortgagee in such a case, I have always
supposed, and have no doubt, that in *equity*, upon well settled

principles, the mortgagor has the right to redeem. If such remedy did not exist, there might and would frequently be an enormous sacrifice of property. It seems, however, that the right to redeem may be foreclosed, without judicial proceedings, by a sale of the property as in the case of a pledge, upon reasonable notice to the mortgagor, 2 Johns. Ch. R. 100, and cases there cited, 10 Viner's Abr. title Pawn, pl. 3, Powell on Mortgages, 1041, 1 Vesey, sen. 278, 2 Fonblanque, 261, n. f.

Tender of the money after forfeiture does not operate to reinvest the title in the mortgagor, so as to enable him to recover at law. 8 Johns. R. 96. If the money be accepted, I think it would have that effect, as the acceptance would be considered a waiver of the forfeiture, the act of the parties being susceptible of no other construction. But the acceptance of a *part* of the money secured by the mortgage would not authorize such an inference, and the establishing of a rule that the payment of part should be considered a waiver of the forfeiture, would be as inconvenient to one party as to the other, as it would necessarily embarrass all partial payments. It cannot be contended that the acceptance of a part of the money would discharge the mortgage; and if it would not, the rule would be of no essential importance to the mortgagor, for a subsequent demand of the balance due and refusal to pay would create a new forfeiture. Besides, in most cases of mortgages of personal property, the mortgagee, by the very terms of the instrument, is entitled to possession at his option, until the money be paid.

The promise by the defendant to wait three weeks for payment, or to wait that length of time before he would take the property, was without consideration, and therefore a *nudum pactum*.

The judge also erred in permitting the consideration stated in the mortgage to be varied or contradicted by parol evidence. 1 Johns. R. 139. 3 id. 509. 7 id. 341. 1 Vesey, sen. 128. 1 Phil. Ev. 427. 1 Cowen, 250. 4 id. 431. There are many exceptions to this rule, such as fraud and illegal consideration; but it is impossible to distinguish this case from those cases in which it has been uniformly applied, and particularly those in this court above referred to. The contradic-

tory testimony in this case, alternately impugning and supporting the consideration stated in the mortgage, shows the danger of departing from the rule. The consideration of promissory notes may be inquired into, but there the consideration does not appear upon the face of the instrument; and even as it regards promissory notes, the rule is inflexible as to any material part appearing upon the face of the note. 8 Johns. R. 189. An absolute deed may in equity be turned into a mortgage by parol proof; but that is on the assumption of fraud in the grantee, upon which ground the action of the court is sustained. 4 Johns. Ch. Rep. 167, and cases there cited. Powell on Mort. 200. If there is a mistake in the mortgage as to the amount of indebtedness of the mortgagor, the remedy, as in all cases of this kind, is to be sought in a court of equity. Here the party must be bound by his agreement.

New trial granted.