HINMAN *vs.* JUDSON.

13b 629
9ap396

Under our present system of administering law and equity, a mortgagor of personal property, or those standing in his shoes, can, when sued for the property mortgaged, claim the right to redeem, in his defense to that suit; and where he has not been foreclosed, he may mitigate the recovery against himself, by reducing the judgment to the amount actually due on the mortgage.

MOTION by the defendant for a new trial. The action was trover, by a mortgagee of personal property, against the mortgagor, for the conversion of the mortgaged property. The facts are stated in the opinion of the court.

*Crawford & McGuire,* for the plaintiff.

*E. P. Hart,* for the defendant.

*By the Court,* SHANKLAND, J. This case was submitted upon written points at May term, 1852, and has been held under advisement until the present term, on account of an important principle supposed to be involved in its decision, in respect of the measure of damages which a mortgagee is entitled to, in an action of trover against the mortgagor, or one claiming title from him, where the property converted is of greater value than the amount due upon the mortgage; viz. whether the damages are limited to the amount due upon the mortgage, and interest, or the full value of the property, although it exceeds such amount.

Prior to the code, this question was one of easy solution; because the title of the chattels mortgaged became vested in the mortgagee on the failure to pay the debt, at the expiration of the time mentioned in the mortgage; and although the mortgagor, until foreclosure of the mortgage by a sale of the chattels, had a right to redeem, even after the law day had passed, yet he must go into equity for that purpose, and could not in trover for the property limit the recovery to the amount actually due on the mortgage. The rule of damages at law, was the full value of the property, and interest from the time of conversion to the time of trial.

But by the code, the defendant can avail himself of any equitable defense which was formerly available in chancery, and hence the question now raised in this case.

That a mortgagor of chattels can redeem the same after the law day is passed, and before his rights are foreclosed by a sale on the part of the mortgagee, as in the case of a mortgage of real estate, I have no doubt. The doctrine is directly asserted, or impliedly admitted in the following elementary authorities, and reported cases. *Story on Bail.* § 287, *1st ed.* 2 *Stor. Eq.* §§ 1030, 1031. 4 *Kent's Com.* 138. 6 *Shepley's Rep.* 191, 138. 3 *Denio,* 33. 8 *N. Hamp. Rep.* 361. 12 *Wend.* 61. 2 *John. Ch.* 100. 9 *Port. Ala. Rep.* 475. 7 *Monroe,* 384. 4 *Smedes & Marsh. Rep.* 155. 1 *Strobhart's Eq.* 342.

The mortgage in question was given to secure $400 with interest, in six months, and contains the usual clause, that on default of payment, the mortgagee may take possession and sell on six days' notice of the time and place of sale, and out of the moneys to retain the amount due, with costs, and to return the surplus moneys to the mortgagor. A few days after the date of the mortgage, (March 18, 1849,) the interest of the mortgagor was seized and sold on an execution against him, and the property taken possession of by the purchaser, under whom the present defendant claims. It is clear that the mortgagor had a vendible interest at the time of the sale on the execution, he having a right to the possession for six months. (17 *Wend.* 53. 23 *Id.* 653. 4 *Hill,* 271. 1 *Sandf.* 32. 8 *Wend.* 339.)

The mortgagor, having a clear right to redeem, in equity, the defendant had the same right as claiming under him. This right had not been extinguished at the time this suit was commenced. The plaintiff as mortgagor had never taken possession, or sold the property. No objection was taken to the defendant's answer, as not setting up a claim to redeem, or to mitigate damages on this ground. The right to mitigate or limit the recovery to the amount due the plaintiff, was denied to the defendant on principle, and not for defect of his answer.

It seems to me, that the justice and equity of the case, is to limit the plaintiff's recovery to the amount of his debt. If this

is not done the defendant has no remedy. If the plaintiff had taken possession of the property, he must either keep it or sell it. If he kept it, the defendant could have redeemed it, in a reasonable time, by paying the sum due. If the plaintiff sold it, for more than was due him, he must pay the surplus to the defendant. And so, if a third person had converted the property, and the plaintiff had recovered of him more than sufficient to pay him, he would have held the balance for the defendant's use. But if the plaintiff recovers in this action more than the amount due him, the defendant is without remedy, because he cannot overhale the judgment and recover any part of it back. But by limiting the plaintiff's recovery in this suit, full and complete justice is done to both parties, in one action.

In *Charter* v. *Stephens*, (3 *Denio*, 33,) the supreme court held, that although the law day was passed and the title at law absolute, yet that in equity the mortgagor had the right to redeem. And that the mortgagee having taken possession and sold sufficient of the property to pay the debt, a further sale of property was a conversion for which an action would lie in favor of the mortgagor. And Beardsley, J. says, " In equity, after satisfying the mortgage debt, he would have been a trustee of the residue of the property, and must have accounted for it to the mortgagor."

In 1 *Strobhart's Eq. Rep.* 342, the chancellor says, " In this court, the mortgagee, though having the legal title, is not considered in any manner as the owner of the chattels, as in a court of equity in England, a mortgagee of land is not considered as the owner. If the mortgagee should sell the property, he could recover any deficiency of the mortgagor, and if a surplus should arise on such sale, an action would lie in favor of the mortgagor, to recover it."

I am of opinion, on authority as well as the reason and necessity of the case, that under our present system of administering law and equity, a mortgagor or those standing in his shoes, can, when sued for the property mortgaged, claim the right to redeem, in his defense to that suit; and that where he has not been foreclosed, he may mitigate the recovery against himself,

Hickock *v.* Hickok.

by reducing the judgment to the amount actually due on the mortgage.

Whether the defendant should set up the right to redeem by way of counter-claim, or whether he can do it by mitigating damages only, and whether he must offer to pay the amount due, or bring the money into court, are not questions raised upon this record. We are called upon to pass on the bald question of the mortgagor's right to limit the recovery to the amount due, independent of any questions of pleading. I am clearly of opinion that he has that right, and that the recovery in this case should be reduced to $400 and the interest thereon; or that a new trial should be granted, with costs to abide the event. I should prefer that the former judgment (for $400 and interest) should be given, as there are no merits in the other questions made by the defendant; and a new trial seems useless.(*a*)

Judgment accordingly.

[Cortland General Term, September 14, 1852. *Mason, Shankland, Gray* and *Crippen,* Justices.]

(*a*) By the revised statutes of Massachusetts (1836) provision is made for allowing the mortgagor, or one claiming under him, forty days to redeem after forfeiture, unless the mortgaged property is sooner sold by the mortgagee. The interest of the mortgagor may also be seized and sold on attachment.