In Special Term—April 1855.

GHOLSON, J. presiding.

JAS. S. GRINNEL *vs.* GASSAWAY BRASHEARS & HIRAM CLEARWATER.

Milne owed Grinnel, and to secure the debt, gave him a chattel mortgage. A judgment creditor of Milne levied on the chattels embraced in the mortgage, and Grinnel sued out a writ of replevin and filed his petition against the Sheriff and judgment creditor, to which Clearwater filed answer and counter-claim. Held,

1st, That by suing out the writ of replevin and giving bond, the *title* to the property passed to the plaintiff in replevin.

2d, That the judgment creditor has a right in equity to subject any *equitable* interest which the mortgagor may have in the property after the mortgage debt is paid, to the satisfaction of his judgment.

3d, That, to estimate the value of said equitable interest, the Court will not order a sale of the mortgaged property, but refer it to a master to ascertain its value, and what will be left after paying the mortgage debt; or hear evidence on the trial as to its value.

GHOLSON, J.

This is an action for the recovery of personal property, in which a writ of replevin has been sued out.

On the question raised as to the fairness of the mortgage made by Milne to the plaintiff, I find no sufficient ground appearing in the evidence to impeach that transaction. There appears to have been a debt justly due, and Milne had a legal right to prefer Grinnel, which so far as shown by the proof was all that he did. They were iving together before—they still continued to live togeth-

er—there being, as stated, a just debt due, and the mortgage taken having been promptly recorded under the statute, the fact that a brother did not deprive a sister and her husband of the use of the furniture and other property conveyed, affords to me no suspicion of fraud.

The other question raised in the case is of more difficulty.

Milne owed Grinnel—he gave him a security for the debt by a mortgage on personal property. In equity his interest in the property must be considered as limited to the amount of his debt. Milne owed Clearwater, who presented his claim at law for the purpose of obtaining satisfaction; he obtained a judgment and levied on personal property, then in the possession of Milne, but on which Grinnel held a mortgage to secure his debt. Now the claim of Grinnel is to be preferred to that of Clearwater, but if the property be sufficient to satisfy the claim of Grinnel and leave a balance to pay the debt of Clearwater, in whole or in part, equity and justice would seem to require that this should be done. This relief is asked by Clearwater under a counter-claim filed for that purpose. If it be just and equitable that he should have it, are there any legal objections to its being granted?

To my mind, one of the best features of our present Code is, that the judgments of the Courts may, in most cases, be so moulded as to determine in the same action, all the rights of the litigants in reference to its subject matter, in accordance with the principles of both law and equity. "The judgment, (says the Code,) may determine the ultimate rights of the parties as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled." (*Code, page* 371.)

James S. Grinnel *vs.* Gassaway Brashears, and Hiram Clearwater.

It will be observed that the Code has made a change in the statement required of a party prosecuting a replevin. He must not merely show, generally, that he has a good right to the possession of the goods, and that they are wrongfully detained, but if he has a special ownership or interest, he must state the facts in relation thereto.

The plaintiff in this action, in his petition, sets out a debt and mortgage to secure it, as his interest in the property, and the foundation of his right to the immediate possession thereof. In granting him that relief, so that his own interest may be secured, should not that of the defendant also, as far as practicable, be preserved and protected? If the defendant has any interest, can it be ascertained in this action, and the plaintiff or the property be held liable therefor? An objection has been urged, that the mortgagee of personal property has the right to hold it as owner, and can only be removed from that position by an offer to redeem. This objection is one of much force. Ordinarily, a mortgagee of personal property in possession, can only be reached by the mortgagor or any one claiming under him, by an offer to redeem. The sixteenth section of the Chancery Practice Act, repealed by the Code, authorized a creditor to subject the interest of a mortgagor in real estate; it did not in terms reach the interest of a mortgagor in chattels or personal estate. That section is substantially re-enacted in sections 4, 5, 8, of the Code. I have been unable to find in the Code any express provision subjecting the interest of a mortgagor in personal property in possession of the mortgagee to any proceeding by action on the part of an execution creditor. Without inquiring whether there are not provisions in the Code, especially those in aid of execution, which would furnish

a sufficient ground upon which to predicate such an action, I am of opinion, that this case steers clear of the principle of the objection that there should be an offer to redeem.

The defendant in this case obtained a lien on the property while in the possession of his debtor; he thereby became entitled to whatever interest his debtor had. Of this interest, by the execution of the writ of replevin, he has been wholly divested. As I understand the decisions in Ohio, the plaintiff in this action might, the day after the property was delivered under the writ of replevin, or at any time since, have sold, and may now sell in any manner, or to any person he pleases, the property replevied, and the purchaser, whether with or without notice, would take a good title as to the defendant. It was held in Jennings *vs.* Johnson, (17 *Ohio* 155,) and re-affirmed in Williams *vs.* West (2 *Ohio St. Rep.* 87,) "that the bond takes the place of the property, to the extent of the interest of the defendant in replevin." And in the last case the Court proceed to say : "So if the defendant has but a special property, it is right that he should have judgment for its value, for, by the replevin, it is transferred to the plaintiff."

Under the operation of this doctrine in relation to replevin, the result would be that a mortgagee who resorts to that remedy, appropriates the property, clear of any right of redemption on the part of the mortgagor, or the person in possession, and claiming under him and entitled to his interest. The property being thus appropriated and the mortgagee possessed thereof as owner, the mortgagor or those claiming under him, become entitled to an account of its value, and, if the value of the property be more than sufficient to pay the debt secured by the mortgage, to payment from the mortgagee of any excess.

James S. Grinnel *vs*. Gassaway Brashears, and Hiram Clearwater.

If the mortgagee does not desire to hold the property as owner, and account for any excess of its value over the mortgage debt, he may adopt some other remedy than the writ of replevin; suppose, for instance, he should sue in an action for damages, in the nature of an action of trover. Under our present system of practice, the defendant in possession, entitled to the interest of the mortgagor, would have the right to limit the damages to be recovered, to the amount of the mortgage debt. ·

In a recent case in New York the precise question occurred, and the Court having observed that prior to their Code, the rule of damages in such a case was the full value of the property, and interest from the time of conversion to the time of trial, held, that "under our present system of administering law and equity, a mortgagor of personal property, or those standing in his shoes, can, when sued for the property mortgaged, claim the right to redeem, in his defence to that suit; and where he has not been foreclosed, he may mitigate the recovery against himself, by reducing the judgment to the amount actually due on the mortgage." Hinman *vs*. Judson, 13 *Barb*. 629.

The substantial rights of parties cannot properly be varied by the form of the remedy adopted. The plaintiff having, in this case, elected to take the property by a replevin, instead of prosecuting a claim for damages arising from a conversion of it by the defendant, cannot with any justice complain, if he be made to account for the value of the property. The result is simply this: in one case the defendant acquires a title to the property, paying the plaintiff for his interest in it; in the other the plaintiff acquires a title to the property, and pays the defendant for his interest in it, if it turns out upon a comparison of

65

the value of the property, with the mortgage debt, that there be any such interest. Such are the rights and equities of the parties, and in proceedings under the Code, I can see no difficulty in working them out, and determining them in the same action.

I shall, therefore, find that the defendant is entitled to claim and recover of the plaintiff the amount of any excess of the value of the property, above the principal and interest of the debt secured by the mortgage. But, I think, the existence of any such excess must be ascertained by evidence, and not by a sale of the mortgaged property, except with the assent of the plaintiff. Whether *he* could demand as a *right*, that the test of a public sale should be applied, as more satisfactory than the evidence of witnesses as to the value, I need not now decide. In view of the decisions as to the effect of a replevin, to which reference has been made, I feel bound to come to the conclusion, that the property is now the property of the plaintiff, and that any claim on the part of the defendant is against the plaintiff personally, or on the bond given on suing out the replevin. And if this be so, the defendant has no more right to demand a sale of that property, than of any other belonging to the plaintiff.

In such cases as the present I think it is competent for the Court to pursue either one of two courses : to ascertain by evidence, to be offered on the trial, the amount of the mortgage debt, and the value of the property taken by the plaintiff under the writ of replevin; and this, ordinarily, would be the proper course,—or, to direct an account to be taken by a master of the Court of the amount of the debt and the value of the property. Under the circumstances of the present case, I think that

justice to the defendant requires that the latter course should be pursued.

CORWINE, HAYES, & ROGERS for plaintiff.

FERGUSON & LONG for defendants.