Jno. M. Castner, *et. al.* Plaintiffs in error, *vs.* Austin Sumner & Co., Defendants in error.

A Defendant can only raise the objection of a defect of parties Plaintiff to the suit when it appears that some other person or party than the Plaintiffs have such a legal interest in the note, that a recovery by the Plaintiffs would not preclude it from being enforced, and he be thereby subjected to the risk of another suit for the same subject matter.

A. assigned to B. certain notes made by C. to secure indebtedness due from A. to B., and took a bond from B. conditioned, that if B. should realize on these notes more than his claim against A., and expenses of collecting, the balance was to be paid to the assignor. *Held,* That as B. was authorized to receive the money on the notes from C. he was also authorized to bring suit to collect it. That A. has no legal interest in the notes assigned, and not even a *certain* resulting interest, but only a contingent interest in the proceeds; and his only claim for the balance would be against B. and not against the maker of the notes.

Notes deposited as collateral security for a debt, are regarded as pledges, and the parties sustain to each other the relation of pledgor and pledgee. In such cases the pawnee has a special property in the pledge until default, whereupon, upon notice to the pawnor, or by judicial proceedings he may sell the pledge, and the purchaser acquires the right to sue thereon.

The object of the statute requiring the action to be prosecuted in the name of the real party in interest is, to do away with the artificial distinctions which formerly existed in courts of law, and to require the presence of such parties as are necessary to make an end of the controversy.

This was a writ of error to the District Court of Ramsey County.

The Plaintiffs in the Court below, Austin Sumner & Co., brought their suit to recover the amount of three several

promissory notes made by the Defendants, payable to one Daniel Wilson, or bearer, who transferred them to the Plaintiffs after maturity. The notes amounted to thirty-one hundred dollars and interest. Several issues of fact were presented upon the trial of the cause, but the only question in this Court seems to have been, whether or not the Plaintiffs were the parties in interest, and authorized to bring the suit without joining other parties.

It appears from the evidence of the witness Wilson, the payee of the notes, that he assigned the notes to the Plaintiffs on the 16th day of February, 1856. That he was then indebted to them to the amount of some fifteen or sixteen hundred dollars, and that he assigned the notes to satisfy this demand. That he took a bond from them, conditioned that the remainder should be paid to him or his order, and that he had assigned this bond to certain parties in Boston. That the condition of this assignment to the Plaintiffs was, that if Defendants paid the Plaintiffs the notes so assigned, the money was to pay the demand of Plaintiff against him, and his notes (the evidence of his indebtedness to Plaintiffs,) were to be delivered up, when the Defendant's notes were paid. The assignment was made to Geo. L. Otis, as the agent of Plaintiffs, and was intended to convey the absolute property to the Plaintiffs. The evidence of Geo. L. Otis was substantially the same.

The Defendants moved for a nonsuit, on the ground that the evidence showed that there was a defect of parties Plaintiff. The motion was denied, the Judge ruling that it was a question for the jury. The Defendants offered no evidence, but their counsel requested the Court to charge the jury that if they found from the evidence that the assignment of the notes upon which the action was founded, was not absolute, and that other parties than the Plaintiffs have a direct or resulting interest in the notes, they must find for the Defendants. The Court refused so to charge, and the Defendants excepted. The Court then charged that the action was properly brought, even if they found the facts relating to the assignment to be as stated by the witness Wilson.

The jury returned a verdict in favor of the Plaintiffs, for $3,714,27.

The following are the points and authorities of Plaintiffs in error:

*First.* The evidence of Daniel Wilson discloses the fact that the Plaintiffs are not the only parties in interest. *Case folios* 44, 45, 46, & 47.

*Second.* The objection that there was a defect of parties Plaintiff, was sufficiently taken in the answer in the cause. *Case folios* 11 & 12.

*Third.* The Court below erred in refusing to grant the motion for a nonsuit. *Case folios* 57, 58.

*Fourth.* The Court erred in refusing to charge the jury as requested by Defendant. *Folio* 58.

*Fifth.* The Court erred in charging the jury that the action was properly brought. *Case folio* 57.

*Sixth.* If there was any evidence going to show a defect of parties Plaintiff, it should have been submitted to the jury as a question of fact. 19 *John.* 313; 7 *Cowen* 377; 9 *Cowen* 230; 7 *Wend.* 408; 19 *Wend.* 402; 8 *How.* 514.

The following are the points and authorities of Defendants in error:

*First.* It is plain from the testimony in this case, that the Defendants in Error and Plaintiffs below were the legal owners and holders of the notes upon which they brought this action, and were the only parties who could maintain suit thereon, or receive payment therefor. *See folios* 55 *and* 56 *of case.*

*Second.* The only evidence in the case except the testimony above referred to was the deposition of Daniel Wilson, and nothing in that deposition contradicts or varies in any material respect such testimony. *See deposition of Wilson, folios* 35 *to* 48 *of case.*

*Third.* It is claimed by the Plaintiffs in Error, that the evidence in the case shows that the Defendants in Error and Plaintiffs below held the notes in question as collateral security to the indebtedness of Wilson to them. Were such the case, still the Plaintiffs below only could receive the money and their right to bring suit follows from this right to collect and receive the money without suit. They were the real parties in interest within the intent and meaning of the Revised

Statutes, requiring suits to be brought by the real party in interest. *Smith vs. McClure,* 5 *East.* 476; 2 *Sand.* 47, *a note* (1), *Selden vs. Pringle,* 17 *Barb.* 468; *Hastings vs. McKinley,* 1 *E. D. Smith's Rep.* 273.

*Fourth.* There is no evidence in the case, going to show a defect of parties. But if the case shows any such evidence, it does not appear that it was kept from a jury. Nothing in the case shows that any evidence offered was kept from the jury, except only such parts of the deposition of Wilson as were ruled out on motion of Plaintiffs in Error.

SANFORD & BEVEREDGE, for Plaintiffs in Error.

GEO. L. OTIS, for Defendants in Error.

*By the Court.*—I. ATWATER, J.   The Appellants claim that the Court below erred in refusing to charge the jury as requested by their counsel on the trial of the cause.

From the testimony as reported, there may be a question as to whether the assignment of the notes was absolute, or whether a contingent interest remained in the assignor, as claimed by the counsel for the Appellants. But in either case the action is properly brought in the name of the Plaintiffs. It is clear from the evidence, that the assignor intended to give them the right to collect the notes. The bond taken by Wilson shows this conclusively. It appears from the testimony of Mr. Otis, that a bond was given to Wilson, (the assignor of the notes,) conditioned, that if the Plaintiffs should realize on these notes more than the claim of Plaintiffs against Wilson, and expenses of collecting the notes, the balance was to be paid to the assignor. The Plaintiffs then were to receive the money, and if authorized to receive it, the right to bring suit to collect it, necessarily follows. The assignor relinquishes all his rights against the makers of the notes in favor of the Plaintiffs. He gives them authority to receive the whole, and looks to them only for the balance, should there be more than sufficient collected to satisfy the demand of the Plaintiffs against him.

Whatever may be the relations of the Plaintiffs to the assignor, can make no difference to the Defendants. They can only raise the objection of a defect of parties to the suit, when

it appears that some other person or party than the Plaintiffs have such a legal interest in the note, that a recovery by the Plaintiffs would not preclude it from being enforced, and they be thereby subjected to the risk of another suit for the same subject-matter.   But Wilson clearly had no such legal interest. He had no interest in the notes, and not even a *certain* resulting interest in the proceeds of the notes, but only a contingent interest in the proceeds.   Had Wilson, or the assignees of his bond been joined as Plaintiffs, it might have properly been objected by the Defendants, that they had no certain interest in the note, and no claim whatever against the Defendants ; their claim, if any they should have, being against the Plaintiffs in this action.

. In the ordinary case of notes deposited as collateral security for an indebtedness, they are regarded in the light of a pledge, and the parties sustain to each other the relation of pledgor and pledgee.   *Garlick vs. James,* 12 *John.* 146; 2 *Crain's cases in Error,* 201; *Story's Com.* 197; *Kent's do. Vol.* 1, 577; *McLean vs. Walker,* 10 *John.* 471.

The most of the questions that have arisen on this kind of security, relate to the right of disposal of the pledge on the part of the pawnee.   The rule seems to be settled that the pawnee has a special property only in the pledge until default of the pawnor, in payment of his debt, whereupon, upon notice to the pawnor, or by judicial proceedings, as the case may require, the pawnee may sell the pledge.   If he may sell, the party purchasing, of course acquires a good title, and may enforce payment by suit, a right which must also belong to the pawnee in case he chooses to exercise it, without sale.   And it has been held that a pawnee may recover the full value of the pledge in trespass against a stranger who takes it away, although pledged to him for less, being answerable to the pawnor for the excess.   *Lyle vs. Barker,* 5 *Burn.* 457.

But in the case at bar, no question arises between the pawnor and pawnee as to the right of the latter either to sell the notes or enforce collection of them.   The only objection is on the part of the makers of the notes, that the Plaintiffs are not authorized to bring suit, without joining other parties as Plaintiffs.   In *Bowman vs. Wood,* 15 *Mass.* 534, it was held,

that the Plaintiff, (who was a deputy sheriff,) who had received a promissory note as a pledge or collateral security for an execution held by him, might maintain an action in his own name against the maker; that the endorsement of the note by the payee was a transfer, sufficient to enable the Plaintiff to maintain the action, for the endorsement comprehended an authority to bring a suit, and to receive the money of the promissor." And in *Stevens vs. Bell*, 6 *Mass.*, it was held that goods may be pledged to a creditor and he have the right to sell the pledge, pay himself, and account to the pawnor for the surplus; and that when the pawnee exercises this liberty, he becomes a trustee of the pawnor. This ruling would be analagous to the holding of the Supreme Court of this State, (1 *Min. Rep.*, 241,) in which the Court say, (speaking of the assignment of choses in action,) that *Sec.* 29, *p.* 333, *Rev. Stat.*, "seems to regard such an assignment as of the same effect as an absolute one, upon the right of the assignor to prosecute the demand assigned, for it recognizes the right of the assignee to sue thereon, and permits him to bring the action without joining the *cestuis que trust.*" That ruling would seem to be the proper construction of the statute referred to, and I see no reason why the principle may not equally apply to the case at bar, although the right of the Plaintiffs to bring the action may be sustained on other grounds. The object of the provision of the Statute, requiring the action to be prosecuted in the name of the real party in interest, would seem to be principally to do away with the artificial distinctions which formerly existed in Courts of law, and to require the presence of such parties as are necessary to make an end of the controversy. The action was properly brought in the case at bar, in the name of the Defendants in error, and the judgment below must be affirmed.