REESE v. LYON.

1. After default, the mortgagees of a chattel seized it; on the next day they refused to surrender possession to the mortgagor upon demand made and a tender by him of the debt and costs, unless they were also paid an unsecured claim held by them against him. Subsequently, they sold the chattel; and, afterwards, this action was instituted by the mortgagor against the mortgagees to recover the possession and for damages. *Held,* that the action could not be sustained as an action for claim and delivery, as the plaintiff had no title nor right to possession after seizure on condition broken.
2. Nor as an action to redeem, because not commenced until after seizure and sale.
3. Nor as one for damages, no wrongful act having been committed.
4. The only right of the mortgagor was to require an account from the mortgagees of the proceeds of sale, and in such action the mortgagees would be entitled to credit for the mortgage debt and expenses, and also for any unsecured claim held by them against the mortgagor.

Before MACKEY, J., Sumter, October, 1881.

The opinion states the case.

*Mr. Jos. H. Earle*, for appellant.

*Messrs. J. J. Dargan* and *Marion Moise*, contra.

September 24th, 1883. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This action was commenced, as to the appellant, James W. Lyon, on February 12th, 1878; the other copartner, Samuel H. Lyon, not having been served with the summons, never became a party to the action. The case, as made by the testimony for the plaintiff, was, substantially, as follows: On February 5th, 1877, the plaintiff executed a mortgage to Lyon Bros. & Co. on certain personal property to secure the payment of a debt of $90 on or before October 15th, 1877. After default in payment of the mortgage debt, to wit, on January 10th, 1878, the mortgagees seized the mortgaged property and took it into their possession, and on the next day plaintiff tendered to them the amount of the mortgage debt, together with the expenses of seizure, and demanded a return of the property. With this demand the mortgagees refused to comply, unless the plaintiff would also pay an additional amount, in which it was alleged the plaintiff had become indebted to the mortgagees after the execution of the mortgage, which additional indebtedness was, however, denied by the plaintiff. The plaintiff having refused to pay this additional sum, the property was sold at public sale under the mortgage, whereupon this action was brought, which, in form, appears to be an action to recover the possession of the mortgaged property, together with damages for its detention.

At the close of plaintiff's testimony, a motion for non-suit was made upon the ground that, under the showing made, the action could not be maintained, "whether the same be considered an action of claim and delivery of personal property, or an action in the nature of a bill to redeem." The Circuit judge refused the motion, "and ruled that the plaintiff could not

recover in an action of claim and delivery of personal property, or under a bill to redeem; but that the plaintiff would be entitled, under his complaint upon the case as proved by him, to a verdict for damages, because of the detention and sale of the mortgage property by the defendants after tender to them of the amount due under the mortgage, together with the costs of seizure, although such seizure of the mortgaged property was made by the defendants after condition broken." To this the defendant duly excepted.

The testimony for defendants, in addition to what had been shown by the plaintiff, was to the effect that after the execution of the mortgage the plaintiff became further indebted to them in the sum of $160; and that the mortgaged property brought, at the sale, the sum of $135.

The appellant requested the Circuit judge to charge the jury : " That it was the duty of the plaintiff to have tendered to the defendants the whole amount of the mortgage debt, and also the amount of his subsequent indebtedness to them." This his Honor refused to do; and, on the contrary, charged the jury : " That the amount of the mortgage debt being tendered the mortgagees, together with the costs of seizure, the mortgagor was entitled to the possession of the mortgaged property, notwithstanding any subsequent indebtedness of the mortgagor to the mortgagees, and without tendering such indebtedness, this not being a bill to redeem." And he also charged : " That the plaintiff being entitled to the possession of the mortgaged property from the time that he tendered to the defendants the amount of the mortgage debt, together with the costs of the seizure; that if such amounts were tendered as alleged, and if the defendants, refusing such tender, detained and sold the property, that the plaintiff was entitled to damages in this action ;" to all of which the appellant duly excepted. The jury found a verdict in favor of the plaintiff for the sum of $105, and from the judgment entered on such verdict, the defendant, James W. Lyon, appeals, relying upon the points made by his exceptions as above stated.

Without stopping to remark upon the apparent inconsistency between the ruling of the Circuit judge, upon the motion for a

non-suit and his charge to the jury, we will proceed to consider and determine the real questions which we understand to be raised by this appeal. The fundamental inquiry is as to the effect of the tender of the mortgage debt made after breach of the condition of the mortgage, and after the mortgaged property had been taken into possession by the mortgagees. under the mortgage. There can be no doubt that upon breach of the condition of a mortgage of personal property the legal title to the property mortgaged becomes vested in the mortgagee. *Wolf* v. *O'Farrel,* 1 *Tr. Con. Rep.* 151, more fully reported under the title of *Wolf* v. *Farrell,* 3 *Brev.* 68 ; *Trescott* v. *Smith,* 1 *McCord Ch.* 486. The question then is, Does a tender, not accepted after condition broken, revest the title in the mortgagor ? If it did, then, as Chancellor Harper says, in *Walling* v. *Aiken, McMull. Eq.* 15, there would be no necessity for the mortgagor to invoke the aid of a court of equity by a bill to redeem, as he would have a complete remedy at law. Accordingly, it is laid down in books of established authority that a tender after condition broken of the mortgage debt, which is not accepted, will not revest the title in the mortgagor. *Jones Chat. M.* 633 ; 2 *Hilliard Mort.* 536 ; 2 *Jones Mort.,* §§ 892, 1798 ; *Patchin* v. *Pierce,* 12 *Wend.* 61.

It is true, that in some of the States it is now held that a tender of the mortgage debt, made after breach of the condition, discharges the lien of a mortgage of real estate, because there, as well as in this State, the legal title does not pass even after breach of the condition ; and it may be that here also a tender, after breach of the condition of a mortgage of real estate, of which the mortgagor remains in possession, would be held to be a discharge of the lien of the mortgage, inasmuch as the legal title never passed. But that question is not now before us, and we are not to be understood as passing upon it. Here, we are dealing with a mortgage of personal property, under which the legal title unquestionably does pass upon breach of the condition, and the common law rule applies, under which the tender cannot have the effect of revesting the title in the mortgagor.

It is quite clear that the mortgagees committed no violation of the rights of the mortgagor in seizing the mortgaged property upon default in the payment of the mortgage debt ; and we

think it equally clear that the subsequent tender of the mortgage debt did not destroy the right of the mortgagees, as legal owners, to sell the property. The only rights which the mortgagor had, after breach of the condition of the mortgage, were either to bring an action to redeem the mortgaged property, which, of course, must have been commenced before the foreclosure of the mortgage by a sale, or an action against the mortgagees to account for any surplus proceeds of the sale which might remain after satisfying the mortgage debt. This action, not having been commenced until after the sale, cannot be maintained as an action to redeem; and the plaintiff's only right, as mortgagor, was to an account of the proceeds of the sale, and to such an action the mortgagees would certainly have a right to set up any claim, whether secured by the mortgage or not, which they may have against the mortgagor. Such an action would be based upon the foundation of the implied contract of the mortgagees to pay back to the mortgagor the surplus proceeds of the sale, and any claim arising out of contract could be set up by the mortgagees as a counter-claim to such action.

Even in an action to redeem, the common law rule was that the mortgagor must pay not only the mortgage debt but also any other unsecured claim held by the mortgagee against the mortgagor; and this rule has been adopted in this State when the legal title is vested in the mortgagee. *Walling* v. *Aiken,* *McMull. Eq.* 1. Whether this rule would apply in the case of a formal mortgage of real estate, under which the mortgagor retained possession, we are not now called upon to decide. But where a mortgagor goes into a court of equity and asks to have a deed, absolute in form, construed to be nothing more than a mortgage, and asks to redeem, or where a mortgagor comes to redeem a mortgage of personal property, under which the legal title is always vested in the mortgagee upon condition broken, then, as he is asking the aid of equity, he is required to do equity by paying all that may be due by him to the mortgagor, whether secured by the mortgage or not.

The rule is different where the action is brought by the mortgagee to foreclose the mortgage. There the action being based upon the contract to pay the mortgage debt, the mortgagee is

entitled to recover no more than the amount secured by such contract. Hence, the cases of *Magwood* v. *Lubbock, Bailey Eq.* *382; *McCaughrin & Co.* v. *Williams,* 15 *S. C.* 505, and *Walker* v. *Walker,* 17 *S. C.* 329, cited by respondent's counsel, which were, in effect, cases to foreclose a mortgage, do not apply. So, too, the case of *Hunter* v. *Wardlaw & Edwards,* 6 *S. C.* 74, was a case in which a mortgagee of personal property attempted to foreclose by seizure and sale after the mortgage debt was paid, as the court held, and, therefore, there was then no breach of the condition of the mortgage, and, consequently, the legal title never vested in the mortgagee.

We think, therefore, that the Circuit judge erred in his charge to the jury; and that the case, as made by the plaintiff, cannot be sustained. It certainly cannot be maintained as an action of claim and delivery of personal property, for the plaintiff had no legal title, and no right to the possession of the property sued for. Nor can it be maintained as an action to redeem, as it was not commenced until after the foreclosure of the mortgage by seizure and sale. Nor is there any foundation upon which to rest an action for damages, as it does not appear that the defendants have committed any wrongful act. They had a right to seize and sell the property as they have done, and they cannot be made responsible in damages for so doing. The only right which the plaintiff has is to require an account from his mortgagees of the proceeds of the sale, in which accounting the defendants must be allowed credit, not only for the mortgage debt, with the expenses properly incident to the seizure and sale of the mortgaged property, but also for any unsecured claims which the defendants, upon such accounting, may be able to establish against the plaintiff.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry into effect the views herein announced, with leave to the plaintiff, if he shall be so advised, to amend his complaint so as to enable him to demand an accounting from the mortgagees of the proceeds of the sale of the mortgaged property upon the principles hereinbefore laid down.