AGNES KING, RESPONDENT, *v.* GEORGE H. VAN VLECK, APPELLANT.

*Assignment of a policy of life insurance — when a mortgage and not a pledge — right of the mortgagor or his representatives to redeem — when the claim of the mortgagee is satisfied by the receipt of the amount due — the surplus may be recovered in an action for money had and received.*

In March, 1879, King assigned to the defendant a policy of insurance upon his own life, taken out in 1868, as collateral security for the payment of a promissory note executed by King and held by the defendant, of even date with the assignment, for $500, payable one year from its date, the right to redeem being reserved to "the undersigned or his personal representatives." In October, 1882, King died leaving a will, under which, and assignments from other legatees, the plaintiff, the widow of King, became entitled to the interest of the testator in the policy and its proceeds. After the death of King the defendant received from the insurance company the whole amount due on the policy, being the sum of $1,939.43, which he retained and refused to pay any part thereof to the plaintiff on being requested so to do.

In this action, brought by her to recover for money had and received by the defendant for her benefit, a general verdict was rendered in her favor for the amount received by the defendant after deducting therefrom the debt and interest and the expenses incurred by him in collecting the amount from the company.

*Held,* that the transaction between King and the defendant was to be treated as a mortgage and not as a sale of the policy.

That the mortgagor had a right to redeem within a reasonable time after the law day had passed and before his rights were foreclosed by a sale on the part of the mortgagee, which right passed to his legal representatives.

That the acceptance by the defendant of the sum due on the policy, he not having taken any steps to cut off the right of redemption, was a satisfaction of his debt which obviated the necessity of a resort by the plaintiff to legal steps to enforce her right to redeem and entitled her to recover the surplus in the equitable action of money had and received.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Erie Circuit and from an order denying a motion for a new trial made on the minutes of the court.

*Williams & Potter*, for the appellant.

*Osgoodby & Loveridge*, for the respondent.

SMITH, P. J.:

The cause of action set out in the complaint is, in substance, for money had and received by the defendant to the plaintiff's use.

The circumstances under which it was received, as shown by the case, were as follows: The plaintiff is the widow of Sidney B. King, deceased. In August, 1868, her husband procured from the Connecticut Mutual Life Insurance Company its policy of insurance upon his life for the sum of $2,000, payable to his executors or administrators at his death. In March, 1879, King assigned the policy to the defendant as collateral security for the payment of a promissory note executed by King, and held by the defendant, of even date with the assignment, for $500, payable one year from its date. King died in October, 1882, leaving a will bequeathing the interest of the testator in the said policy and the proceeds thereof to the plaintiff and others who subsequently assigned their interests to the plaintiff. The debt owing by King to the defendant was not paid, nor, so far as appears, did the defendant take any legal steps to collect it or to foreclose the interest of King in the policy during King's lifetime. After the death of King the defendant received from the insurance company the whole amount due on the policy, being the sum of $1,939.43, which he retained to himself, and he refused to pay any part of it to the plaintiff on being requested to do so. The defendant incurred some expenses and made some advances in and about the policy. The court left it to the jury to say what the advances amounted to and also to render a general verdict. The jury rendered a verdict in favor of the plaintiff for $1,270.10.

The appellant's counsel contends that King, having mortgaged the policy and made default in payment, his right, at law, to the policy was extinguished; that the only remedy, if any, which the plaintiff had was an equitable one to be permitted to redeem; that the action was triable by the court and not by a jury; that the court erred in taking a general verdict, and that the verdict is against evidence.

As the possession of the policy was transferred by King to the defendant, the transaction might possibly be regarded as a pledge; but treating it as a mortgage, which is the most favorable view for the defendant, the mortgagor, and his legal representatives had a right to redeem, notwithstanding his failure to pay the debt at maturity. (*Hart* v. *Ten Eyck*, 2 Johns. Ch., 100; *Pratt* v. *Stiles*, 17 How. Pr., 211; S. C., 9 Abb. Pr., 150.) That right might be exercised in any reasonable time. (Id.)

The first question to be considered is whether the transaction, between King and the defendant, was a mortgage or a pledge. Ordinarily, when a chose in action or chattel is deposited by the owner with a third person, as security for the payment of a debt or the performance of some other obligation, the transaction is a pledge. But in this case, the written instrument by which the deposit was accompanied declares the transaction to be a sale, coupled with a defeasance, and we think it must be treated as a mortgage, by which the title passed, subject to the right of the mortgagor to redeem. (See *McLean* v. *Walker*, 10 Johns., 471; *Barrow* v. *Paxton*, 5 id., 258.) That being the nature of the transaction, the mortgagor had a right to redeem within a reasonable time, after the law day had passed and before his rights were foreclosed by a sale on the part of the mortgagee. (2 Story's Eq. Jur., § 1031; *Pratt* v. *Stiles*, 17 How. Pr., 211; S. C., 9 Abb. Pr., 150.) That right, I have no doubt, descended to the legal representatives on the death of the mortgagor. That such right so passes in the case of a pledge was said by KENT, J., in *Cortelyou* v. *Lansing* (2 Cai. Cas., 200), in an opinion which, although never delivered (5 J. R., 260), has frequently been recognized by the courts as good law. (See *McLean* v. *Walker, supra*; *Garlick* v. *James*, 12 Johns., 146.) I can see no reason why the same rule does not apply in the case of a mortgage of chattels or choses in action. But whatever may be the general rule on the subject there can be no doubt of the right of the representatives to redeem in this case, as it is given to them by the mortgage. The proviso secures that right to " the undersigned or his personal representatives."

In the next place the acceptance by the defendant of the sum due on the policy, he not having taken any steps to cut off the right of redemption, was a satisfaction of his debt which obviated the necessity of a resort by the plaintiff to legal steps to enforce her right to redeem. There are numerous cases which I think support that position. Among them are *Patchin* v. *Pierce* (12 Wend., 61); *Charter* v. *Stevens* (3 Denio, 33); *Hinman* v. *Judson* (13 Barb., 629); *Barry* v. *Bennett* (7 Metc., 354). In *Patchin* v. *Pierce*, it was held that tender and acceptance of the debt after the law day reinvests the title in the mortgagor. In *Charter* v. *Stevens*, it was said that the same result would follow from full payment being

made at any time. In that case after default the mortgagee had taken possession of the chattels mortgaged and proceeded to sell under the authority given by the mortgage. Before he sold the horse, the title to which was involved in the action, enough money had been raised to satisfy the debt, including interest and expenses. It was held that his right to the residue of the property was thereby extinguished, and it was said that in equity, after satisfying the mortgage debt by the avails of the sale, he would have been a trustee of the residue of the property and must have accounted for it to the mortgagor. In *Hinman* v. *Judson*, it was held that a mortgagor of personal property, or those standing in his shoes, can, when sued for the property mortgaged, claim the right to redeem in his defense to that suit; and where he has not been foreclosed, he may mitigate the recovery against himself by reducing the judgment to the amount actually due on the mortgage. Applying that principle to this case, if the mortgagor had retained the possession of the policy and his representatives had received the whole sum insured from the company, and had been sued by the mortgagee for the money, they might have reduced the recovery to the amount of the debt. Why, then, should the mortgagee be permitted to retain more than the amount of his debt and necessary expenses, he having been enabled to receive the whole amount of the policy from the circumstance that it was in his possession? We think that as to the surplus, he is to be regarded as the debtor of the plaintiff and liable to her in the equitable action of money had and received for her use.

It follows from these views that the recovery is right on the merits; that the case was properly tried as a law action, and that the judgment should be affirmed, unless, as the appellant's counsel contends, the verdict is against evidence. That contention relates to the disallowance of the defendant's claim for $200 paid to Greenwood, the agent of the company, in and about making the proof of death and securing the money. It is not apparent that the whole amount of the claim was disallowed. At the foot of the policy was a note to the effect that no agent of the company has authority to charge any fee or commission for the payment of the amount due under the policy. It is in the following words: "The payee should receive the entire amount stated opposite the term ' cash,' without deduction." The defendant and Greenwood must be pre-

sumed to have known of that limitation, upon the authority of the agent, when they dealt with each other. Greenwood paid out ten dollars to the doctors and undertakers for making affidavits to be used as proofs of death, and charged $190 for his services. His statement of what his services were was not explicit. There was no proof of the value of his services. His own testimony and that of the defendant authorized the jury to find that whatever he did, was, to a great extent, unnecessary. We cannot say that the jury went against evidence in fixing the amount of their verdict.

The judgment and order should be affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order affirmed, with costs.