JOHN H. EDMISTON AND DAVID J. WADDELL, RESPOND-
ENTS, v. GEORGE W. BRUCKER, APPELLANT, IMPLEADED
WITH LUTHER MEYERS AND OTHERS.

*Chattel mortgage — right of the mortgagee to purchase at a sale thereunder.*

When a chattel mortgage contains a power of sale, and a sale thereunder is
fairly made by public auction, upon due notice to the mortgagor, his equity
of redemption is cut off, although the chattels are purchased by the mortgagee.
*Buffalo Steam Engine Works* v. *The Sun Mutual Insurance Company* (17 N. Y.,
401) distinguished and criticised, and *Pulver* v. *Richardson* (3 T.. & C., 436) not
followed.

APPEAL from a judgment in favor of the plaintiffs, entered upon
a verdict directed at the Oneida Circuit.

The action was brought to recover the amount due upon certain
promissory notes.

*Beardsley & Beardsley,* for the respondents.

*S. M. Lindsley,* for the appellant.

FOLLETT, J.:

APPEAL from a judgment, entered on a verdict directed for the
plaintiff at the Oneida Circuit.

The defendants gave to the plaintiffs four promissory notes, dated
December 20, 1882, for $213.43 each, payable with six per cent
interest from August 1, 1883, and exchange. One note was payable
September 1, 1883 ; one December 1, 1883 ; one February 1, 1884 ;
and one May 1, 1884. To secure the payment of three of these
notes L. Meyers & Co. executed an instrument to plaintiffs, which, in
legal effect, was a chattel mortgage upon certain chattels. The instru-
ment authorized the plaintiffs to sell the property in case of default
in the payment of any of the notes and apply the proceeds upon the
notes. The note falling due September 1, 1883 was paid, and
August 1, 1883, seventy-one dollars was paid upon the three out-
standing notes, for the recovery of the amount due upon which this
action was brought.

In March, 1884, the plaintiffs gave notice that they would sell
the mortgaged chattels at public auction, which notice was posted

in three public places in the town where the property was situated and sold, and published once in a daily newspaper published in a city adjoining said town.   Seeger, one of the firm of L. Meyers & Co., the mortgagors, had notice of and attended the sale.   The mortgagees purchased at the sale, and applied the net proceeds upon the notes.   It is contended by the appellant, that by reason of their purchase, the mortgagor's equity of redemption was not cut off, and that the appellant, who was their surety, should have been allowed the value of the property in reduction of the amount due on the notes.   The first difficulty is, that the point sought to be raised is not presented by the evidence.   The appellant did not offer to show at the trial the value of the mortgaged property at the date it was sold, March 7, 1884, or on any date except at the date of the mortgage, March 3, 1883, which was rejected.   In this there was no error, for assuming the sale insufficient to cut off the mortgagor's equity of redemption, the mortgagees were not liable for the value of the property a year before they sold it.

When a chattel mortgage contains a power of sale and a sale thereunder is fairly made by public auction upon due notice to the mortgagor, his equity of redemption is cut off, though the chattels are purchased by the mortgagee.   (*Hart* v. *Ten Eyck*, 2 Johns. Ch., 62; *Charter* v. *Stevens*, 3 Denio, 33; *Patchin* v. *Pierce*, 12 Wend., 61; *Olcott v. Tioga R. R. Co.*, 40 Barb., 179; affirmed, 27 N. Y., 546; *Hall* v. *Ditson*, 55 How., 19; S. C., 5 Abb. N. C., 198; *Richards* v. *Holmes*, 18 How. U. S., 143; Thomas on Mort., 454.)

In the *Buffalo Steam Engine Works* v. *The Sun Mutual Insurance Company* (17 N. Y., 401) it did not appear that the mortgagor had notice of the sale, and besides it was said in *Olcott* v. *Tioga Railroad Company* (27 N. Y., 566) that the case is not an authority on this question.   *Pulver* v. *Richardson* (3 T. & C., 436) was decided upon the remark in the *Buffalo Steam Engine Works* v. *The Sun Mutual Insurance Company* (*supra*), and the cases above cited were not called to the attention of the court, and being in conflict with the cases cited, must be disregarded.

The judgment should be affirmed, with costs.

BOARDMAN, J., concurred; HARDIN, P. J., concurred in the result.

Judgment affirmed, with costs.