## RICH *vs.* MILK.

A chattel mortgage was executed by P. in the usual form, to K., transferring to the mortgagee the legal title to the property. By the first clause of the condition this title was made defeasible upon the payment of the mortgage debt according to the terms of the condition. .By another clause it was provided that if default should be made in such payment, or if K. should at any time deem himself in danger of losing his debt by delaying the collection thereof until it became due, he might take possession of the property *at any time, before* or *after* the time limited for the payment of such debt, and sell the same, or so much thereof as should be necessary to satisfy the debt, &c. *Held* that this latter clause did not, by *implication,* give to the mortgagor the right to retain the possession of the property until the happening of the contingency; but that the power given to the mortgagee, by that stipulation, was intended as a cumulative remedy, merely, and did not qualify his right, as the legal owner, to the possession of the property *at all times,* before the performance of the condition which was to defeat his title.

It was accordingly *held, further,* that an assignee of the mortgage had a right to take possession of the property and to retain it, as against the mortgagor, and all claiming under him, before the mortgage debt became due and payable.

THIS action was commenced before a justice of the peace of the county of Cattaraugus. The plaintiff complained in trover for five cows, converted by the defendant. The defendant,

by his answer, denied the complaint, and justified the taking, under a chattel mortgage, of which he was the assignee. The plaintiff recovered a judgment for $55 damages and costs. The defendant appealed to the county court, where the judgment was affirmed. He then brought an appeal to this court.

*W. Woodbury*, for the appellant.

*C. C. Torrance*, for the respondent.

*By the Court*, GREENE, J. This is an action brought to recover the value of the plaintiff's special property in five cows, which he alleges have been wrongfully converted by the defendant. The plaintiff claims under a contract·with one William R. Phillips, by which he hired the use of the cows of Phillips for a year, which had not expired at the time they were taken from the plaintiff's possession, by the defendant. The defendant claims the property under a chattel mortgage executed by Phillips to one Kellogg, on the 4th day of December, 1852, to secure the payment of $170.92 in six annual payments. This mortgage was assigned by Kellogg to the defendant, on the 3d day of May, 1853, and the cows were taken from the plaintiff's possession by the defendant, a few days after the assignment of the mortgage to him. The precise time when the cows were hired by the plaintiff of Phillips is not stated in the case, but it is apparent from all the evidence, and particularly from that given by the plaintiff on the question of damages, that the contract of hiring was made in the spring of 1853, after the execution of the mortgage under which the defendant claims. This fact was virtually conceded by both parties at the trial, and must be assumed here.

The question then is, had the defendant a right under the mortgage to take the property therein described, *before the mortgagee's debt became due?* The mortgage is in the usual form, and transfers the *legal title* to the property to the mortgagee. By the first clause of the condition this title is made defeasible upon the payment of the mortgage debt according to

the terms of the condition. The condition also contains another clause, providing that if default be made in such payment, or if the mortgagee shall at any time deem himself in danger of losing his debt by delaying the collection thereof until it becomes payable, he may take possession of the property *at any time, before or after* the time limited for the payment of such debt, and sell the property or so much thereof as shall be necessary to satisfy the debt and reasonable expenses.

If the condition of the mortgage had contained the usual clause of defeasance *merely*, there can be no doubt that the mortgagee, in whom the legal title to the property was vested by the mortgage, would have had the right, by virtue of such title, to take and retain the possession of the property until the payment of the mortgage debt. But it is claimed by the plaintiff, that the clause giving the mortgagee the right, in case he shall deem himself in danger &c., to take and sell the property and pay the mortgage debt, *by implication* gives the mortgagor the right to retain the possession until the happening of that contingency. The argument is that it is apparent from this clause that such was the *intent* of the parties. It is certainly remarkable that the intent, if it existed, to secure such a right to the mortgagor, should be found so obscurely shadowed forth, or rather so ingeniously concealed in a stipulation which in all its terms relates exclusively to the rights of the mortgagee. It is said that if the mortgagee had the title and the consequent right to take possession of the property, independent of such a stipulation, the parties could have had no other object in inserting it than to limit the exercise of that right. But a little attention to the terms of the stipulation will show that it materially enlarges the rights of the mortgagee, and gives him remedies which he would not have had under a mortgage which did not contain this clause. Under a mortgage of the latter description he would take a title to the property, defeasible upon the performance of the condition. Upon a failure in such performance, the title would become absolute at law, and the mortgagor's only remedy, if any, would be by a bill in equity to redeem. This equity of redemption could be foreclosed by the mortgagee either

Rich *v.* Milk.

by a bill filed for that purpose, or by the shorter process of a sale of the mortgaged property, on reasonable notice to the mortgagor, *after default.* (*Charter* v. *Stevens,* 3 *Denio,* 33.) But by virtue of the stipulation in question, the mortgagee, if he deems himself in danger of losing his debt by delaying its collection, may proceed and foreclose the rights of the mortgagor *before any default* on his part. It is plain, therefore, that the power conferred upon the mortgagee by this stipulation was intended as a *cumulative remedy* merely, and that it was not intended, and cannot be held to qualify the mortgagee's right, as the legal owner, to the possession of the property, *at all times,* before the performance of the condition which defeats his title.

It follows that the defendant below had a right to take possession of the property in question and to retain it as against the mortgagor and all claiming under him, during all the time that the plaintiff claimed it under his contract with the mortgagor. It is unnecessary to decide whether the mortgagee, when he exercises the power conferred by the clause in question, must prove the happening of the contingency mentioned in the stipulation. This is a question in which the plaintiff has no interest. The defendant had a right to take and detain the property as against him, and if he has sold it without right and foreclosed the mortgagor's rights, he is answerable to the mortgagor, but not to the plaintiff.

The judgment of the county court, and that of the justice's court, must be reversed.

[NIAGARA GENERAL TERM, September 3, 1855. *Bowen, Mullett* and *Greene,* Justices.]