Chamberlain *v.* Martin.

———•○•———

## CHAMBERLAIN *vs.* MARTIN.

Where a mortgage of chattels contains a power to the mortgagee in case of default in payment, to take the property and " to *sell* the same," and apply the avails in payment of the debt, and in case he shall at any time deem himself unsafe, that he may take possession of the property and " sell the same at *public* or *private* sale," previous to the day of payment, the mortgagee may, in case of default in payment at the day, sell the property at *private* sale, without notice to the mortgagor ; and if such sale is fair and *bona fide,* the right of the mortgagor to redeem will be foreclosed.

ACTION to redeem personal property mortgaged by the plaintiff to the defendant. The mortgage was executed April 12, 1842, to secure the payment of a note of the same

date, for $515.77, payable one day after date. The property was one jenny engine and appurtenances, and some wheels and cranks, &c. The mortgage was in the usual form, with a power to the mortgagee, in case of default in payment, to take the property and to "sell the same," and apply the avails in payment of the debt, after deducting all the expenses of the sale, &c. It also contained the clause, that in case Martin should at any time deem himself unsafe, it should be lawful for him to take possession of the property and sell the same at public or private sale, previous to the time mentioned for the payment of the debt, applying the proceeds as aforesaid after deducting all expenses of sale and keeping, &c.

On the 20th of June, 1862, Martin recovered a judgment against Chamberlain on the note. An execution was issued and the property taken and sold by virtue thereof, to Martin, for $55, August 25th. Martin then, by virtue of the sale and the mortgage, took possession of the property and caused some necessary repairs to be made upon it, and in January, 1863, made a verbal contract with one Penfield to sell the property to him for $400. This sale was fully consummated as early as May 1, 1843, and Penfield paid to Martin the whole consideration; and the court found that Penfield, under such purchase, became the owner of the property, and that the sale was a fair sale in the then condition of the market. That prior to that time there was only a limited demand for such property. That soon after the sale such property was in demand and advanced in price, and its value October 24, 1843, exceeded $643, a sum sufficient to pay the mortgage debt, interest, costs and expenses, which sum, on that day, was tendered by the plaintiff to the defendant, and the plaintiff demanded the property, and claimed the right to redeem it. The defendant refused to accept the tender, or to deliver the property.

As a conclusion of law, the court decided that the defendant got no right or title to the property by the sale on execution. Also that the sale of the property by the defendant

Chamberlain *v.* Martin.

to Penfield foreclosed all right, lien or interest therein of the plaintiff; that his right to redeem the property was then gone; and that the plaintiff had no cause of action; that neither party recover costs as against the other; and that judgment be entered accordingly. The plaintiff excepted to some of the findings of fact, and also to the conclusions of law adverse to him. Judgment being entered, the plaintiff appealed to the general term.

*A. G. Rice,* for the plaintiff.

*G. A. Kendall,* for the defendant.

*By the Court,* MARVIN, J. The legal point made by the plaintiff's counsel is that the *private* sale of the property by Martin to Penfield, did not have the effect to foreclose the plaintiff's right to redeem the property. He claims that a private sale was unauthorized by the mortgage, and that in such a case the equity of redemption can only be foreclosed upon a reasonable notice to him. That the same principle should be applied as in the case of a pledge.

The mortgagee was authorized to *sell* in case of default in making payment. The mode of sale is not specified. There is no limitation upon the power. The mortgagee may sell and apply the avails, after deducting expenses of sale, &c. If he should take possession because he deemed himself insecure, then the power to sell at public or *private* sale previous to the time for payment, is expressly given. Was it intended to make a distinction, as to the mode of sale, in the two cases? I think not. But the argument goes further. It is that a reasonable notice of sale must always be given to the mortgagor, or the equitable right to redeem is not lost or barred. In short, that the sale is the same as in the case of a pledge. There is a very marked difference between a pledge and a mortgage, as to the rights of the parties after default in payment.

A pledge is a deposit of personal effects to be retained until redeemed. And although the time for redemption is specified by the agreement of the parties, and the pledgor suffers it to pass and is thus in default, still the property remains in pledge only, and the right to redeem continues until it is foreclosed by acts sanctioned by the law.

"A mortgage is a pledge and more; for it is an absolute pledge to become an absolute interest if not redeemed at a certain time." (*Jones* v. *Smith,* 2 *Ves. Jun.* 378.) Perhaps the definition is not, at this day, precisely accurate. A pledge is the bailment of property. In the case of a mortgage, the property may remain in the possession of the mortgagor. A mortgage of chattels is a sale of them, upon condition, and if the condition is not performed the title becomes absolute at law. The mortgagee becomes, by a failure to perform the condition, a vendee, and he has in law an absolute power over the property. But as cases of great hardship may arise from a failure to perform the condition on the day, which was to render the sale void, courts of equity will grant relief if the mortgagor brings his bill within a reasonable time. As the title is absolute at law, in the mortgagee, immediately after default in performing the condition, I do not see why he may not sell the property, and give to his vendee a perfect title, assuming such sale to be fair and bona fide. He is under no obligation to anticipate that the mortgagor may desire to redeèm, and so wait for him to do so. If he and his vendee act in fraud of the equitable right of the mortgagor to redeem, a court of equity may undoubtedly give relief in an action against the mortgagee and his vendee to redeem.

In the present case it is found as a fact that the sale made by Martin, the mortgagee, to Penfield "was a fair sale in the then condition of the market." It seems to me that this disposes of the question of the right of redemption. If it was intended to question the fairness of the sale to Penfield, he should have been made a party, as the remedy by redemption

Chamberlain *v.* Martin.

is to obtain the specific property mortgaged. The question touching the rights of the parties to the sum obtained from Penfield is not involved in this action. The sum was not sufficient to pay the debt owing by the plaintiff (the mortgagor) to the defendant (the mortgagee.)

The judgment can not be reversed upon the ground that material facts found are unsupported by evidence, or were found against the weight of evidence.

I have consulted the following authorities, most of them cited by counsel: *Story on Bailm.* § 287 ; 3 *Denio*, 33 ; 12 *Wend.* 61 ; *Hart* v. *Ten Eyck*, 2 *John. Ch.* 62 ; *Wheeler* v. *Newbould*, 16 *N. Y. Rep.* 392 ; *Champlin* v. *Johnson*, 39 *Barb.* 606 ; *Dane* v. *Mallory*, 16 *id.* 46 ; *Burdick* v. *McVanner*, 2 *Denio*, 170 ; *Case* v. *Boughton*, 11 *Wend.* 106 ; 40 *Barb.* 179 ; *Story's Eq.* §§ 1030, 1031 ; 4 *Kent's Com.* 138 ; 1 *Pars. on Cont.* 452, 591.

Judgment affirmed, with costs of the appeal.

[ERIE GENERAL TERM, May 2, 1865. *Grover*, *Daniels* and *Marvin*, Justices.]