GAMALIEL HUGGANS, Respondent, *v.* DANFORTH J. FRYER, Appellant.

(GENERAL TERM, THIRD DISTRICT, MAY, 1869.)

A mortgagee of chattels, whose mortgage, in addition to the usual condition in case of non-payment, &c., contains a clause authorizing him, at any time, if he shall " deem himself unsafe," to take possession of the mortgaged property, " and to sell the same at public or private sale," may, in conformity to the terms of such clause, take possession of said property before the debt falls due, and sell the same, without making a demand for payment, and without giving personal notice of sale to the mortgagor.

If the property be unsafe, it seems, under such a clause, the mortgage debt becomes due, and the mortgagee acquires an absolute title to the property, subject to the mortgagor's right to redeem; and the right of redemption is cut off by the sale.

The mortgagee, in virtue of such a provision, took possession, advertised, and sold the mortgaged property, without demand, or personal notice of sale to the mortgagor, and brought an action for a balance due upon the mortgage, after applying the proceeds. It was *held,* that the mortgage was properly received, at the trial, as evidence of the claim thereon.

Also, there being no proof of fraud in the sale, and the question being put to the plaintiff, as a witness, without intending to establish fraud, whether

Huggans v. Fryer.

the purchaser paid him any money thereon, that such question was properly excluded, as well as testimony upon the value of the property. *Held*, also, plaintiff might show that the sale was fairly made, and that plaintiff's testimony was competent upon the question whether he "deemed himself unsafe" to allow the property to remain in defendant's possession.

THIS was an appeal from a judgment entered on a verdict rendered at the Greene county circuit, in favor of the plaintiff and against the defendant, on the third day of June, 1868.

The action was brought to recover the amount of a promissory note made by defendant for twenty-three dollars and interest, and also a balance due the plaintiff upon a chattel mortgage given by the defendant to him for $175. It appeared upon the trial that on the 6th day of April, 1866, the respondent sold a yoke of oxen to the appellant for $175, and took back a mortgage upon the oxen for the price payable with interest on the 6th day of April, 1867, with a condition that in case of non-payment the plaintiff might take and sell the property to satisfy the debt. And with the further condition that in case the plaintiff should at any time deem himself unsafe, it should be lawful for him to take possession of the property, and to sell the same at public or private sale previous to the time above mentioned for the payment of said debt, applying the proceeds as aforesaid after deducting the expenses of the sale and of keeping the property.

It also contained a covenant that, if from any cause the property should fail to satisfy the debt, interest, costs and charges, the defendant would pay the deficiency.

The plaintiff, before the expiration of the year, deemed himself unsafe, and took possession of the property and sold the same, upon a public notice of sale of six days, applying the proceeds upon the mortgage, and brought this action for the deficiency, and on the promissory note which he held against the defendant.

The execution of the note and mortgage was admitted by the answer.

Upon the trial the counsel for the defendant objected to the

Huggans *v.* Fryer.

introduction of the mortgage upon the grounds, that under the complaint no recovery could be had, as no notice of sale had been given to, nor demand made of the defendant; that without allegation of such notice and such demand, no evidence could be given. The court overruled the objection; the defendant excepted, and the mortgage was introduced in evidence. Evidence of the notice of sale was also objected to upon the same grounds and admitted. Exception was duly taken. Other testimony was admitted under objection, and exceptions were taken to the rulings made in regard thereto, as stated in the opinion. At the close of the evidence the counsel for the defendant moved for a nonsuit as to the claim upon the mortgage upon various grounds, and mainly upon the grounds of a want, of personal notice of the sale to the defendant, and of demand of payment before the sale, and that the sale was not made in good faith, but in fraud of the defendant's rights. The motion was denied, and an exception taken. No evidence being given on the behalf of the defendant, the court directed a' verdict in favor of the plaintiff for the amount claimed, being $149.10. Judgment was duly entered, and the defendant appealed to the General Term of this court.

*James B. Olney,* for the appellant.

*Rufus N. King,* for the respondent.

Present—Miller, Ingalls and Peckham, JJ.

By the Court—Miller, P. J. The chattel mortgage upon which the plaintiff claimed to recover in this action contained a condition that, in case the plaintiff should at any time deem himself unsafe, it should be lawful for him to take possession of the property mortgaged, and to sell the same at public or private sale, and apply the proceeds to the payment of the debt. The plaintiff, deeming himself unsafe, took possession of the property before the mortgage became due, and sold the same without giving personal notice to the defendant. It is contended by the counsel for the defendant, that the sale

was illegal and void for want of such notice, and for this rea-son the defendant is not liable for the deficiency upon the sale. This position appears to be based upon the ground that the clause in the mortgage referred to, which provides for a sale before the mortgage is due, partakes somewhat of the nature of a pledge and its construction should be gov-erned by the same legal rule which is applicable to pledges of personal property. While it is conceded that the instru-ment is a mortgage, which conveys a legal title to the property, subject to be defeated by the full performance of the condi-tion, and liable to become an absolute interest at law if not redeemed by a certain time (4 Kent, 3d ed., p. 138 ; *Chamber-lain* v. *Martin,* 43 Barb., 607), and not a pledge where a demand of payment, or a notice of sale, or both of them are necessary before a sale (4 Kent, 3d ed., 138, 139; *Wilson* v. *Little,* (2 Coms., 443; *Wheeler* v. *Newbould,* 16 N. Y., 392), it is insisted that the rights of the mortgagee *after* default, and when his title has thus become absolute, are entirely different from what they are *before* default ; and that, in the latter case, he is a mere trustee for the mortgagor.

In case of non-payment, as required, the mortgagee is authorized "to take possession of said property, to sell the same, and the avails," &c., to apply in payment of the debt; and the condition of the mortgage, in case he deems himself unsafe, makes it lawful for the mortgagee to take possession of such property and to sell the same at public or private sale." Assuming that in the latter case the mortgagee was bound to sell, I think it does not follow that he was required to sell in any other way or manner, than he had power and authority to sell in, in case of default, or that he was bound to give personal notice of the sale to the mortgagor. Although some of the authorities speak in general terms of a sale upon previous notice to the mortgagor, yet none of the cases cited hold that such notice must be given to the mortgagor personally. In *Hart* v. *Ten Eyck* (2 John. Ch. R., 100), the chancellor decides that the creditor who holds goods in pledge, may sell them without a bill of foreclosure, on giving reasonable notice to

the debtor to redeem. In *Patchin* v. *Pierce* (12 Wend., 63), it was held that the right to redeem may be foreclosed by the mortgagee, without judicial proceedings, by a sale of the property, upon reasonable notice to the mortgagor. (See, also, *Charter* v. *Stevens*, 3 Den., 33; *Lansing* v. *Goelet*, 9 Cow., 377; *Rich* v. *Milk*, 20 Barb., 616; *Chamberlain* v. *Martin*, 43 Barb., 610). These cases make no distinction, as to notice, whether the sale is made before or after default.

In *Chadwick* v. *Lamb* (29 Barb., 518), it was held that where personal property is mortgaged, and wrongfully converted, an action to recover its value before the debt is due lies if there is a clause in the mortgage which authorizes the mortgagee to take possession and sell the property to satisfy the debt secured by the mortgage, at any time he may deem himself insecure. In such cases the mortgagee acquires not only the right to the possession of the property, but any interest in it which the mortgagor had, except the equity of redemption. (See, also, *Mattison* v. *Baucus*, 1 Coms., 295; *Hill* v. *Beebe*, 3 Kern., 565.)

The property being unsafe, the whole amount of the mortgage became due, and the mortgagee acquired an absolute title to the property, subject to the right to redeem on payment of the amount secured. By the contract, he was not bound to give the mortgagee personal notice of the sale, and was authorized to sell at private sale, which would be entirely inconsistent with direct notice to the mortgagor of such a sale. At most, only the right of redemption remained in the mortgagor, by the payment of the sum secured by the mortgage; and, upon a sale being made, that right was gone. The taking possession of the property, and the advertisement of its sale, was in strict conformity with the condition, that when the mortgagee deemed it unsafe, he could sell and apply the proceeds to the payment of the debt. The whole amount secured having become due by the act of the defendant, it is difficult to see how the circumstances existing vary essentially, from a case where the time for the payment of the debt has expired. Nor am I able to discover that any fiduciary relation

Huggans v. Fryer.    .

exists between the mortgagor and the mortgagee, except in case of a surplus arising upon a sale under the mortgage.

After a careful examination, I am satisfied that the proceedings of the plaintiff, in selling the property, were authorized by the mortgage, and in accordance with the law applicable to such a case ; and that no error was committed by the learned judge upon the trial, in admitting evidence of the mortgage and notice of sale, and in denying the motion made for a nonsuit as to the mortgage.

I think that the court properly excluded the question put to the plaintiff upon his examination, whether the purchaser had paid him any money upon the sale of the oxen. There was no testimony in the case establishing fraud in the sale, and it was not asked, according to the case before us, for any such purpose.

The evidence given, shows that the defendant applied to the plaintiff to take the oxen back, he having no hay ; that the plaintiff said he had no use for them, and if he did, he would be obliged to advertise and sell them ; and that about two weeks afterward, he found the cattle, out of the defendant's possession, on his father's or mother's farm, run down and thin, and deeming himself unsafe, he took them away and advertised them for sale.

The proof of the value of the oxen, for the same reason, was not material. Nor was there any objection, in my opinion, to proving that the property was put up and fairly sold. It was also competent to ask the plaintiff, whether he deemed himself unsafe to allow the cattle to remain in the defendant's possession. He was bound to show this to justify the sale, and he, above all others, was competent to speak upon the subject.

No other question is made which requires discussion.

The judgment must be affirmed.

Judgment affirmed.