Ballou *v.* Cunningham.

WALTER BALLOU, Appellant, *v.* WILLIAM CUNNINGHAM, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

To bar the mortgagor's right of redemption in mortgaged chattels, there must be a sale of the mortgaged property, of which he has notice.

A private sale without notice does not bar or foreclose the equity of redemption, notwithstanding the mortgage authorizes a private or public sale of the property.

Whether notice to the mortgagor will be presumed of a sale at auction, of which notice has been duly published or posted, *quere.*

A mortgagee of chattels, authorized by the mortgage to sell at public or private sale, sold without notice at private sale, and sued for a balance of the mortgage debt, under a clause in the mortgage providing for payment of any deficiency by the mortgagor.—*Held,* that the actual value of the property sold should be allowed upon the debt.

*Chamberlain* v. *Martin* (43 Barb., 607), disapproved.

THIS was an appeal by the plaintiff from a judgment in his favor for forty-seven dollars, entered upon the verdict of a jury.

The action was to recover a deficiency of eighty-three dollars, alleged to be the balance of a debt of $200 due upon a mortgage of chattels executed by the defendant to the plaintiff. The facts are sufficiently stated in the opinion of the court.

*Jones & Ballou* for the appellant.

*J. T. Spriggs* and *A. Coburn* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J., dissenting opinion. By the mortgage given by the defendant to the plaintiff, the latter had the right to sell the personal property embraced in it, and if at any time he deemed himself insecure, he might sell at public auction or private sale; and if, on such sale, the property did not bring enough to pay the debt, &c., he, the mortgagor, would pay the deficiency.

The debt was not paid in accordance with the condition of the mortgage, and the plaintiff advertised the propety for sale at public auction, and sold the same in pursuance of the notice, except one cow, which he sold at private sale the day before the sale at auction, and realized therefor the sum of forty dollars.

After applying the proceeds of the sale, less the expenses thereof, and of the charges for keeping the property, there remained due on the mortgage, as claimed by the plaintiff, the sum of eighty-three dollars, for which sum this action was brought.

On the trial, the court held that the cow, having been sold without notice to the defendant, plaintiff must account for the value of the animal, and the jury allowed to the defendant the sum of thirty-six dollars, in addition to the price received on the sale, and gave plaintiff judgment for the balance of the eighty-three dollars, being forty-seven dollars; and from that judgment the plaintiff appeals.

To bar the defendant's right of redemption there must be a sale of the mortgaged property, of which the mortgagor has notice.   (Story's Eq., §§ 1030 and 1031;  12 Wend., 61; *Hart* v. *Ten Eyck*, 2 J. C. R., 62.)

Assuming that the mortgagor must be presumed to have notice of a sale at public auction, of which notice has been duly published or posted, yet in cases of private sales, without notice, the equity of redemption is not barred or foreclosed, notwithstanding the mortgage authorizes a private or public sale of the property.

In *Chamberlain* v. *Martin* (43 Barb., 607), it was held, that under a power, in all respects the same as the one contained in the mortgage in this case, a sale at private sale barred the equity of redemption.

The learned judge who delivered the opinion of the court, cites a large number of cases in support of his conclusion although he does not say so in terms; and yet, in every case in which the judge speaks of a sale which will bar the equity of redemption, it is a sale on notice to the mortgagor.   The

validity of a private sale after notice is not denied ; but it would be grossly unjust to permit a private sale, of which the mortgagor has not notice, to foreclose forever his right to redeem. If the mortgagee takes and keeps the mortgaged property he is bound to allow what it was fairly worth. Why exempt him from the same measure of liability when he sells to another without notice ? How is the mortgagor to be protected, if, without notice to him, his property is sold at a price which is satisfactory to the mortgagee ? The answer is made that to make the sale conclusively binding on the mortgagor, the sale must be a fair one. But what constitutes an unfair one ? Must it be made collusively with the purchaser, or will it be void if the price received is much less than its fair market value ? If the difference between price and value is the test, we have a sale in this case of the cow for a trifle over half her value, as found by the jury. Such a sale ought not to stand, and I therefore think the judgment was right and ought to be affirmed.

Judgment affirmed.