HALSTEAD v. SWARTZ, appellant.

*Chattel mortgage — debt payable in installments — default in installment —*
*tender—title after default.*

When a chattel mortgage is given to secure a debt payable in installments, the title of the mortgagee becomes as perfect upon default in the payment of an installment as it does upon a default in payment of the whole debt.

Plaintiff, to secure the payment of ten notes held by defendant falling due at various times, mortgaged a canal boat. The mortgage was conditioned that

Halstead v. Swartz.

if the indebtedness should be paid in full it should be void, but in case of non-payment of the notes at the time or times when due, the mortgagee might seize and sell the boat. Default was made upon the note first due, and defendant seized the boat and sold it, without notice to plaintiff, at private sale to one F. for less than the aggregate amount of the notes. F. paid no money, and no papers passed. He, next day, transferred his bid for a nominal consideration to defendant, who afterward sold the boat for value to another party. After the sale to F., and before any other note became due, plaintiff tendered the amount of the first note, interest and expenses, to defendant, and demanded possession of the boat. *Held*, that, by the default in payment of the first note due, the title to the boat was vested in the defendant, and that plaintiff could only redeem by paying or tendering the whole debt secured.

*Held*, also, that even if the sale to F. was invalid, the subsequent sale was valid, and cut off plaintiff's right to redeem. Where property has been taken by virtue of a chattel mortgage upon default in payment, and the title vested in the mortgagee, it can be revested in the mortgagor only by decree of a court of equity. Tender of the amount due will not revest it.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

On the 10th of May, 1869, the appellant, Jacob Swartz, sold to the respondent, James C. Halstead, the canal boat Caddie Roberts for $1,000, for which sum he took notes, payable as follows: $100 on the 1st of September, 1869; $100 on the 1st of October; $100 on the 1st of November, and $100 on the 1st of December of the same year, and the residue in six monthly payments, commencing on the 1st of June, 1870. To secure these notes the plaintiff gave to defendant a mortgage on said boat and other property, conditioned that if said plaintiff should pay said notes in full the mortgage to be of no effect, but in case of non-payment of said sum at the time or times above mentioned, then said Swartz should have power to seize and sell the property, and out of the avails, after paying expenses of sale and of keeping said property, to pay said debt. Said mortgage was duly filed in the office of the auditor of the canal department.

The note of $100 payable on the 4th of September, 1869, was not paid when due, but respondent made default in the payment thereof. On the 18th of the same month defendant seized said boat by virtue of said mortgage, and in the forenoon of the same day directed the sale of said boat under the mortgage, and the same was sold at private sale to one Frank for $600. No money was paid or papers passed, and on the same or the next day Frank relinquished or resold

his bid on the boat to defendant on consideration that Swartz would treat the boys, which was done. The sale under the mortgage was made without notice to plaintiff and without public notice. The referee finds it was fraudulent and in derogation of the rights of plaintiff. Subsequently defendant sold the boat for value to other parties.

On the 20th September, 1869, plaintiff tendered to defendant $104, and demanded possession of said boat, which tender and demand was refused by defendant.

The plaintiff was permitted by the referee, notwithstanding the objection of defendant's counsel, to prove the value of the use of the boat for two months and twenty days in 1869, and for seven months in 1870. And the referee charges defendant for such sums, and $1,500 for the value of the boat, and $500 for injuries to the boat, amounting in all to $2,000. From this sum he deducts the amount due on the mortgage and interest, amounting to $1,244.42, for certified copy mortgage, $1.25; making in all $1,245.67, and orders judgment for the balance, $754.23, besides costs, and from this judgment defendant appeals.

*J. N. Messinger,* for appellant.

The mortgagee had a right to sell at private sale without notice. *Chamberlain* v. *Martin,* 43 Barb. 607; *Ballou* v. *Cunningham,* 60 id. 425.

He had also a right to purchase in his own name, and hold free of equity of redemption. *Olcott* v. *Tioga R. R. Co.,* 27 N. Y. 546; *Huggans* v. *Fryer,* 1 Lans. 276.

Mortgagor could only redeem upon payment or tender of whole debt. *Chapman* v. *Hunt,* 2 Beasley, 370; Story Eq. Juris. § 1031; Schouler on Pers. Prop. 553; *Stoddard* v. *Denison,* 38 How. 296; S. C., 7 Abb. N. S. 309; *Malcolm* v. *Allen,* 49 N. Y. 448.

*Fuller & Vann,* for respondent.

The sale without notice was fraudulent and void. *Patchin* v. *Pierce,* 12 Wend. 61; *Herkimer Manuf. and Hydr. Co.* v. *Small,* id. 273, 276, 487; *Charter* v. *Stevens,* 3 Den. 35; *Rich* v. *Milk,* 20 Barb. 619; *Hart* v. *Ten Eyck,* 2 Johns. Ch. 62, 100; *White* v. *Cole,* 24 Wend. 142; *Stearns* v. *Marsh,* 4 Den. 227; *Ballou* v. *Cunningham,* 4 Lans. 74.

The tender was sufficient. *Hutchings* v. *Munger,* 41 Barb. 396; S. C. on appeal, 41 N. Y. 155.

MULLIN, P. J.   On default being made in the payment of the debt which a chattel mortgage is given to secure, the mortgagee's title to the mortgaged property becomes *eo instante absaberte* at law.   *Talman* v. *Smith*, 39 Barb. 390; *Butler* v. *Miller*, 1 N. Y. 496; *Fox* v. *Burns*, 12 Barb. 677; *Brown* v. *Bement*, 8 Johns. 96; *Patchin* v. *Pierce*, 12 Wend. 61.

The only right that remains to the mortgagor after default in payment is that of redemption, and this right may be barred by a sale of the property at public auction, or private sale without notice.   *Ballou* v. *Cunningham*, 60 Barb. 425; *Chamberlain* v. *Martin*, 43 id. 607.

The title of the mortgagee is as perfect when the default is in the payment of an installment of the debt, when it is payable in installments, as it is upon default in payment of the whole debt.   *Robinson* v. *Wilcox*, 2 N. Y. Leg. Obs. 160.

This result necessarily follows from the condition of the mortgage.   The title cannot become vested in parcels, it becomes absolute at once or not at all.

To entitle the mortgagor to redeem under such a mortgage, he must pay or tender the whole debt.   4 Kent, 162–164; *Polk* v. *Lord Clinton*, 12 Ves. 48–59; *Patchin* v. *Pierce*, 12 Wend. 61.   In the case last cited the plaintiff sued in trespass for taking certain personal property which he had mortgaged to one Hickok to secure payment of $50 by the 20th of October following its date.   Partial payments were made, but the whole debt was not paid.   The assignee of the mortgage seized the property, and the court held that the taking was lawful, and payment after the debt came due did not revest the property in the mortgagor.   The authorities cited do not hold in terms that the whole debt must be paid when an installment of the indebtedness only has become due.   But they do hold that if there are several parties interested in the debt the whole debt must be paid or tendered, and that the mortgagor or other party cannot redeem on paying part only of the debt.

Authority is not necessary, it seems to me, in support of a proposition resulting so manifestly from the very nature of the interest that the law confers on the mortgagee of chattels on breach of the condition.   The whole title vests, and the whole title must be divested by the redemption, and that can only be done on payment of the whole debt.

It is immaterial, therefore, whether the sale by the mortgagee, on

the 18th of September, 1869, was fraudulent or fair, the title to the boat remained in him, and the mortgagor has not redeemed. Unless the tender of the $104 was sufficient, no reason is perceived why the sale in October, 1869, to Hasley & Doran, did not bar the plaintiff's right to redeem. No fraud is pretended as to that sale, and the right to sell was as perfect then as in the September preceding. If, however, the sale to Hasley & Doran had no other effect, it prevents a redemption, as it puts it out of the defendant's power to deliver the boat. *Stoddard* v. *Denison,* 38 How. 296–306.

The plaintiff did not attempt to redeem; he treated the tender as reverting in him the title — this it could not do, a decree of a court of equity only could revest the title It is held in *Kortright* v. *Cady,* 21 N. Y. 343, that payment or tender of the amount due on real estate mortgage terminated its lien on the land, although not paid or tendered on the law day. But the title of the mortgagee of land does not become absolute on default of payment as it does in case of a chattel mortgage, and the case of *Patchin* v. *Pierce, supra,* holds that payment after the day does not discharge the lien. In an action of trover the plaintiff is entitled to recover the value of the boat as of the time of that sale, and for the loss of the use prior thereto. But he is not entitled to the value of the use for the season of 1870.

It was his duty to bring this action promptly. If he could wait a year no reason is perceived why he might not wait two or three years and recover for the use of the boat a sum much greater than her value. As it is the referee has, by his judgment, taken from the defendant his boat and given it to the plaintiff without one penny of compensation and brought defendant in debt more than $750.

The judgment must be reversed and a new trial ordered before another referee, costs to abide the event.

*Ordered accordingly.*