EMMA VAN LOAN, Respondent, *against* THOMAS WILLIS, Appellant.

(Decided June 25th, 1885).

In an action for the conversion of a quantity of household furniture of a certain value, and for insulting and abusing plaintiff and injuring her premises and other property, to her damage in a sum alleged, defendant did not demur for the misjoinder of causes of action, which appeared upon the face of the complaint. His answer contained a general denial, and justified the taking of the furniture under a chattel mortgage. *Held*, that the denial of a motion made at the trial to compel plaintiff to elect for which cause of action she claimed to recover, and of a motion to strike out allegations of the complaint, was not error.

Van Loan v. Willis.

Upon the trial it appeared that plaintiff, in March, 1881, had purchased from defendant the furniture alleged to have been converted by defendant, paying a part of the price in cash, and giving for the balance the mortgage under which defendant justified the taking upon the ground of a default by plaintiff in the payment of installments of the price to secure which the mortgage was given. *Held*, that evidence of defendant's representations as to the character of the furniture at the time he sold it, and of promises by him to repair it, was admissible, as explaining the suspension of the payment of the installments, and as bearing upon defendant's intention as to an alleged waiver of the default; that evidence as to the intoxication of defendant when he came to remove the furniture was admissible, as affecting the reliance to be placed upon his version of the transaction; and that testimony as to the breaking of locks and interference with property not belonging to him was admissible, as sustaining the claim that property was taken by him belonging to plaintiff and not covered by the mortgage.

A demand by defendant, made after the default, for payment of the installments due, was a waiver of the breach of the condition of the mortgage; he could not afterwards recall the waiver and insist upon the forfeiture. After such demand and an offer on behalf of plaintiff to pay the amount demanded, defendant had no right to take the property; and for such taking plaintiff would be entitled to recover the value of the goods so converted at the time of the conversion.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*John Henry McCarthy*, for appellant.

*H. J. Morris*, for respondent.

ALLEN, J.—This is an appeal from a judgment entered upon the verdict of the jury in favor of the plaintiff, and from an order denying the motion for a new trial.

The action was brought for the conversion of a quantity of household furniture of the alleged value of $1,275. Also for insulting and abusing the plaintiff and injuring her premises and other property, to her damage in the sum of $2,500.

The answer contains a general denial and justifies the taking of the furniture under a chattel mortgage.

Van Loan v. Willis.

It appears from the evidence that the plaintiff, in March, 1881, purchased from the defendant a bill of household furniture amounting to $967.50, and paid $125 cash, and gave a chattel mortgage thereon for $842.50, the balance of the purchase price. The payments upon the mortgage were to be made in weekly installments of $20 each. The plaintiff continued to pay these installments until about July 7th, 1881; about which time there was an agreement to the effect that the defendant would re-cover the parlor furniture, which the plaintiff had claimed was not upholstered as he had warranted it to be. The plaintiff did not pay any further installments; and there was due to the defendant on the 31st day of July, 1881, under the terms of the mortgage (according to his calculation) three installments, being the sum of $60. On that day the defendant came to the plaintiff's house with one Hatzel, a city marshal, and a large number of men, and said Hatzel demanded the said $60, and asked the plaintiff's mother, in her presence, if she was prepared to pay it. The testimony on the part of the plaintiff is to the effect that she said that she was; that she had $60 in her pocket, and put her hand in her pocket for the purpose of getting the money to pay the marshal. And the jury found that the plaintiff's mother offered to pay the $60 when it was demanded of her by the marshal. The plaintiff claims that the marshal refused to receive the money, and called in a large number of men, who took out the furniture under the chattel mortgage and property not covered by the mortgage, which belonged to the plaintiff.

Questions were submitted to the jury, and they found:

*First.* That the defendant took from the plaintiff property not covered by the chattel mortgage of the value of $217.

*Second.* That the mortgaged goods on the day of removal were of the value of $500.

*Third.* That the plaintiff's mother offered to pay the $60 when it was demanded of her by the marshal.

The jury rendered a verdict for the plaintiff for $717.

The judge at the Trial Term, in denying the defendant's

application to compel the plaintiff to elect for which cause of action she claimed to recover, committed no error. Even if the motion had not been made too late (*American Dock Co.* v. *Stanley*, 40 N. Y. Super. 539), it was in the discretion of the court to compel such election.

Furthermore, the misjoinder of causes of action appears upon the face of the complaint; and the defendant, as he has not demurred to the complaint for duplicity, has waived the objection and cannot raise it upon the trial. As to the demurrer interposed at the trial and the motion to strike out certain allegations in the complaint, it is sufficient to say that the only objection that can be taken to the complaint at the trial is that a cause of action cannot be collected from it, or that the court has not jurisdiction. Here the court had jurisdiction and the complaint stated facts sufficient to constitute a cause of action.

The evidence as to the condition of the furniture in July was properly allowed. It was material and competent on the question of the value of the property at the time of the alleged conversion, and the court stated that it was allowed for that purpose.

There was no error in allowing testimony as to the defendant's representations of the character of the parlor furniture at the time he sold it, and of his promise to repair. It was admissible as explaining the suspension of the payment of the installments and as bearing upon the defendant's intention as to the waiver of the default in the payment of the installments.

The evidence as to the intoxication of the defendant when he came with the marshal and his men to remove the furniture, was admissible as affecting the reliance to be placed upon the defendant's version of the transaction. That it was admitted for that purpose appears from the case. When the question was asked as to Mr. Willis' condition at the time he came to the plaintiff's house, the court asked the defendant's counsel if he intended to offer him as a witness. Upon the counsel replying that he would be called as a witness the court allowed the question to be answered.

The testimony as to the breaking of locks and throwing of clothes, etc., was properly allowed, as showing interference by the defendant with property not belonging to him, and sustaining the claim that property was taken away by him belonging to the plaintiff which was not covered by the mortgage.

The non-payment of the installments gave the defendant the right, under the terms of the mortgage, to take the property covered by the mortgage and sell it, in satisfaction of the mortgage debt. He could claim the forfeiture or not. He could take advantage of the breach, or he could elect to waive the forfeiture and regard the contract to pay as still subsisting. He was at liberty to take whichever of the two positions he considered it for his interest to take, but he could not take both. Having once acted, he cannot be permitted to retract. If he has waived the breach of the condition in the mortgage, he cannot afterwards recall the waiver and insist upon the forfeiture. Now, by demanding the sum of $60,—the amount of the three installments,—I think the defendant waived the forfeiture, chose to recognize the contract to pay the installments as still in existence, and elected to extend the time of the plaintiff to pay the installments due, up to the time of making the demand, instead of insisting upon his forfeiture. (*Titus* v. *The Glen's Falls Ins. Co.*, 81 N. Y. 410, and cases there cited). This was an action upon an insurance policy, and in it the law of forfeiture and waiver is discussed. Judge EARL says: " Forfeitures are not favored in the law, and this doctrine of waiver is not peculiar to insurance policies, but is applicable to all cases of forfeiture."

As to leases, the rule is thus stated in Taylor's Landlord and Tenant, 287 : " The forfeiture of a lease by a breach of any other condition, may, however, be waived in like manner as the forfeiture for non-payment of rent, or a notice to quit. For if the landlord does any act, with knowledge of the breach, which can be construed as an acknowledgment of a tenancy still subsisting, he waives the forfeiture."

 The proof shows and the jury have found that a demand

for the $60 was made. And the defendant says he told Hatzel to make the demand for $60, and that he was to receive it if it was paid. If it was not paid, he was to take out the goods. Hatzel swears that he told Miss Van Loan that he came there to collect what was due on the mortgage —$60; being three installments. And the jury have found that the plaintiff's mother offered to pay the $60 when it was demanded of her. The jury have found that the defendant took away goods which belonged to the plaintiff, and which were not covered by the chattel mortgage, of the value of $217. This was a question of fact, depending upon the credit which the jury gave to the witnesses who were produced before them. Their verdict upon this branch of the case appears to be supported by ample evidence, and there is nothing in the case to indicate that it was the result of passion, prejudice or corrupt motives. The charge of the court, that if there was a demand of the $60, and an offer to pay it, the defendant had not the right to take the property, and the plaintiff would be entitled to a verdict for the value of the mortgaged goods taken, was correct. As the defendant was a wrong-doer, the plaintiff was entitled to recover the value of the goods converted at the time of the conversion.

The judgment should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.