### BAUMANN *v.* CORNEZ.

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

CHATTEL MORTGAGES—UNCONSCIONABLE PROVISIONS.

> A stipulation in a chattel mortgage that on default in payment of the sum secured, or of any installments, or on the removal of the mortgaged chattels without the written consent of the mortgagee, the amount of the debt remaining unpaid shall become due and payable "without demand," and, if not paid, the mortgagee may take possession, is not unconscionable, but valid and enforceable.

Appeal from eleventh district court.

Replevin by Jacob Baumann against Louise Cornez, to recover possession of chattels mortgaged to him by the latter. Judgment for defendant. Plaintiff appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*J. C. Wolff,* for appellant.

BISCHOFF, J. On December 4, 1888, defendant, to secure the payment of the sum of $182 owing by her, executed and delivered to plaintiff a mortgage upon certain chattels, at the time contained in the premises No. 323 West Seventeenth street, in the city of New York. The mortgage was duly filed in the office of the register of the city and county of New York, and provided for the payment of the sum secured, as follows: $15 at the time of the execution and delivery of the mortgage, and the remainder in installments of $6 on the Tuesday of each and every second week succeeding the date thereof, commencing December 11, 1888, until the whole sum be paid. The mortgage also contained a clause that upon default in the payment of the sum secured, or of any part thereof, or any of the installments thereof, or in case of any attempt to remove or secrete or to sell or dispose of the mortgage chattels, or any part thereof, from the premises in which the chattels were then contained, without the previous written consent of the mortgagee, then the whole amount of the mortgage debt remaining unpaid should become and be due and be payable at once, without demand, and if not paid the mortgagee should be empowered to take possession of the chattels, and dispose of the same as provided; also that the mortgagee might, whether any installment was due and unpaid or not, take possession of the chattels at any time, and retain the same to his own use and benefit, in which latter case, however, the mortgagee should return to the mortgagor all moneys actually paid by the mortgagor on account of the mortgage debt, after first deducting from such moneys a reasonable sum for cartage and for the depreciation of the chattels from use. Plaintiff, the mortgagee, thereafter brought replevin proceedings against defendant, the mortgagor, in the district court of the city of New York for the eleventh judicial district, to recover possession of the mortgaged chattels. On the trial the following facts remain undisputed: Defendant having made default in the payment of several installments, in accordance with the terms of the mortgage, and having also removed the mortgaged chattels from the premises No. 323 West Seventeenth street without the previous written consent of the mortgagee, the latter, prior to the commencement of the proceedings, demanded possession of the chattels from the defendant, which was refused by her. Defendant, in defense against plaintiff's claim, contended that plaintiff was not entitled to possession of the chattels, because prior to the demand therefor no demand was made of her for payment of the mortgage debt. The trial justice apparently found that defendant's contention was well taken, and rendered judgment in her favor, from which plaintiff has appealed to this court.

The facts clearly established the plaintiff's right to the possession of the mortgaged chattels, and the same should have been awarded to him. The legal title to the chattels was in the mortgagee, and, on default by the mortgagor in the performance of the condition to be performed by her, his title and right of possession became absolute in law. *Briggs* v. *Oliver,* 68 N. Y. 336; *Parshall* v. *Eggert,* 54 N. Y. 18; *Miner* v. *Judson,* 2 Hun, 441; *Brown* v. *Bement,* 8 Johns. 76. And, though the mortgage debt be payable in installments, the title and right of possession of the mortgagee becomes as perfect, upon a default in the payment of an installment, as it does upon a default in the payment of the whole debt. *Robinson* v. *Wilcox,* 2 N. Y. Leg. Obs. 160; *Halstead* v. *Swartz,* 46 How. Pr. 289. The mortgagor is in default if he permits the time appointed for payment to pass without making the same, and

upon such default the mortgagee's right to possession accrues without prior demand for payment of the mortgage debt, unless the mortgage in express terms requires such demand; and it has been held that a demand by the mortgagee of payment of the installments past due constitutes a waiver of the breach of the condition concerning payment, which he cannot afterwards recall and insist upon forfeiture. *Van Loan* v. *Willis*, 13 Daly, 281, (New York Common Pleas, 1885.) In the present case, however, the parties have expressly stipulated that upon default in the payment of the sum secured, or of any part thereof, or of any installments, or upon the removal of the chattels without the previous written consent of the mortgagee, the amount of the mortgage debt remaining unpaid should at once be due and payable, without demand; and, if not paid then, the mortgagee may proceed to take possession of the mortgaged chattels. Such a stipulation is not unconscionable, and contravenes no law or rule of public policy. If required by the one party, consented to by the other, and deliberately entered into without fraud or misrepresentation, no sound reason can be advanced against its enforcement. *Conkey* v. *Hart*, 14 N. Y. 22; *Russell* v. *Butterfield*, 21 Wend. 300; *Huggans* v. *Fryer*, 1 Lans. 276. The judgment should be reversed, and a new trial ordered.