### GINZBURG v. DE SILVESTRI et al.

(Supreme Court, Appellate Term. January 19, 1904.)

1. REPLEVIN—MUNICIPAL COURT—JURISDICTION.

Municipal Court Act, § 139 (Laws 1902, p. 1533, c. 580), provides that no action shall be maintained in such court which arises on a chattel mortgage made to secure the price, except an action to foreclose the lien, provided, however, that an action may be maintained to recover a sum or sums due and payable for installment, payment, or hiring. *Held*, that where plaintiff sold goods, and took back a mortgage to secure the purchase price, and defendant, after default in payments, sold the goods to another, an action for replevin was within the prohibition of section 139, as it arose on a breach of the terms of the chattel mortgage.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Replevin by Michael Ginzburg against Peter De Silvestri and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Frank A. K. Boland, for appellants.
Bernhard Ginzburg, for respondent.

GILDERSLEEVE, J. This action was brought in replevin for the recovery of a pool table. The plaintiff sold defendant Silvestri a pool table, and took back a chattel mortgage to secure the purchase price. The trial judge found, upon sufficient evidence, that after Silvestri had defaulted in the payments he sold the pool table to the defendant Rugullo. It is the claim of the defendant Rugullo, who alone defended the action, that the Municipal Court had no jurisdiction for the reason that the action was in replevin, arising on a chattel mortgage given to secure the purchase price of the chattel replevied, and that the writ should have been vacated and the complaint dismissed. This contention presents the only question we are required to consider. Section 139, Municipal Court Act (Laws 1902, p. 1533, c. 580), is as follows:

"No action shall be maintained in this court, which arises on * * * a chattel mortgage made to secure the purchase price of the chattels; except, an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument as above stated shall be deemed a lien upon a chattel. Provided, however, that an action may be maintained to recover

a sum or sums due and payable for installment, payment or hiring, but in such cases no order of arrest shall issue."

The plaintiff, in support of his practice, points out that when Silvestri defaulted in the payments, as required by the chattel mortgage, the plaintiff became the absolute owner of the chattel, and entitled to the immediate possession thereof. With this we agree. Baumann v. Cornez, 15 Daly, 450, 8 N. Y. Supp. 480; Leadbetter v. Leadbetter, 125 N. Y. 290, 26 N. E. 265, 21 Am. St. Rep. 738. The defendant became the bailee of the plaintiff, and held the chattel subject to the order of the plaintiff. Had Silvestri retained the chattel the plaintiff concedes that the provisions of the Municipal Court act, above quoted, would have prohibited him from maintaining an action in replevin in the Municipal Court.

The plaintiff, however, takes the ground that the retention of the chattel by Silvestri, and its transfer of possession to Rugullo, without the plaintiff's consent, made both defendants trespassers, and that the action in replevin, as against Rugullo, does not proceed on the mortgage, but is simply that of an owner, entitled to immediate possession, against a stranger who never had any title to the chattel, but who wrongfully withheld the same. We think this position is untenable. It must be said that Rugullo's position, as a matter of law, does not differ from Silvestri's. The question is one of jurisdiction as to the subject-matter and not as to the person.

The action comes within the prohibition of the Municipal Court act, above set forth, for the reason that it arises upon the breach of the terms of a chattel mortgage made to secure the purchase price of chattels. The rights of the original mortgagor and his transferee, under the circumstances of this case, are identical. See Samodwitz v. Karpf, 80 App. Div. 496, 80 N. Y. Supp. 704. The construction the respondent urges would deprive the chattel mortgagor and his transferee of the advantage, manifestly intended by the act in question, which a sale of the seized chattels, and the application of the proceeds of such sale for their benefit, might secure. The plaintiff's proceeding in the Municipal Court should have been an action to foreclose his lien.

The judgment must be reversed, with costs to the appellant, and without prejudice to a proceeding in foreclosure in the Municipal Court, or an action in replevin in a court of record. All concur.